

Karen E. Keller
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0702 - Direct
kkeller@shawkeller.com

July 21, 2020

**BY CM/ECF**
The Honorable Colm F. Connolly
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Volterra Semiconductor v. Monolithic Power Systems*,
              C.A. No. 19-2240-CFC

Dear Judge Connolly,

    On behalf of Defendant Monolithic Power Systems, Inc. (MPS), we respond to Plaintiff Volterra Semiconductor LLC's request to set a scheduling conference. Given MPS's pending motion to dismiss and motion to disqualify Volterra's counsel, MPS respectfully submits that a scheduling conference is premature until after these motions are resolved.

    Fish's continued involvement in discovery is inappropriate due to the risk of prejudice to MPS should Fish be disqualified. See *IPVX Patent Holdings, Inc. v. 8X8, Inc.*, No. C 13-01707 SBA, 2013 WL 6000590 (N.D. Cal. Nov. 12, 2013) (suspending discovery "to prevent Plaintiff's counsel from obtaining technical and financial information about Defendant before a determination is made as to whether Plaintiff's counsel may continue to represent Plaintiff in this action*"); Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, No. CIV. 10-1067-LPS, 2011 WL 2692968, at *4 (D. Del. June 22, 2011). This Court agrees, recently granting Nevro's motion to extend a discovery deadline until after the pending motion to disqualify Fish (also Volterra's counsel) was resolved. *Nevro Corp v. Stimwave Technologies, Inc.*¸No. 19-CV-325-CFC (D. Del. Oct. 9, 2019).

    Indeed, where a dispositive motion to dismiss is pending, a Rule 26(f) conference is not required because discovery would be premature. See, e.g., *Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2013 WL 3283841, at *2 (S.D. Cal. June 26, 2013) ("Not only is the Court not currently required to set a Rule 26(f) conference deadline or issue a scheduling order, but the Court also

SHAW KELLER LLP
The Honorable Colm F. Connolly
Page 2

believes doing so is not appropriate at this time given the pending motion to dismiss."); *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, No. 13CV2714-JLS (KSC), 2014 WL 12165415, at *2 (S.D. Cal. Aug. 29, 2014) ("Since a motion to dismiss and a motion to strike are now pending before the District Court, discovery at this point would be inefficient and ineffective, as some or all of the causes of action may be dismissed…."); *Contentguard Holdings, Inc. v. ZTE Corp.*, No. 12CV1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (denying plaintiff's request to compel a 26(f) conference where a motion to dismiss was still pending).

Volterra's cited cases are inapposite. Both *Baumgardner* and *Scott* involved a party seeking discovery that was needed to decide a summary judgment motion. Here, no such motion is pending and no discovery is needed to resolve the pending motions. To the contrary, the dispositive motion to dismiss and the motion to disqualify favor delaying discovery, not expediting it.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc:   All counsel of record (by CM/ECF & e-mail)
      Clerk of Court (by CM/ECF)