

| | |
|---|---|
| **BY ELECTRONIC FILING** | Fish & Richardson P.C.<br>222 Delaware Avenue<br>17th Floor<br>P.O. Box 1114<br>Wilmington, DE 19899-1114 |
| October 1, 2020 | 302 652 5070 main<br>302 652 0607 fax |
| The Honorable Colm F. Connolly<br>J. Caleb Boggs Federal Building<br>844 N. King St.<br>Unit 31, Room 4124<br>Wilmington, DE 19801-3555 | Robert M. Oakes<br>oakes@fr.com<br>302-778-8477 |

Re:   *Volterra Semiconductor LLC v. Monolithic Power Systems, Inc.*, C.A. No. 19-2240-CFC

Dear Judge Connolly:

Pursuant to the Court's September 24, 2020 Oral Order directing the parties to submit a joint status report as to the status of all outstanding motions on or before October 1, 2020, we write on behalf of the parties Plaintiff Volterra Semiconductor LLC ("Volterra") and Defendant Monolithic Power Systems, Inc. ("MPS") and hereby submit this status report.

1) **MPS's Motion to Strike Unspecified Accused Products from the First Amended Complaint (D.I. 37.)**

The parties respectfully submit that MPS's Motion to Strike is moot in light of the Second Amended Complaint filed by Volterra on September 17, 2020. (D.I. 71.)  MPS has filed a notice of withdrawal of its Motion to Strike.  (D.I. 75.)

2) **MPS's Motion to Dismiss for Failure to State a Claim (D.I. 15.)**

The parties respectfully submit that MPS's Motion to Dismiss is moot in light of the Second Amended Complaint filed by Volterra on September 17, 2020.  (D.I. 71.)  In view of the Court's guidance at the September 10 scheduling conference, the parties understand that MPS has the right to renew its motion with respect to the Second Amended Complaint.

**MPS Position**: MPS's response to Volterra's Second Amended Complaint is due on October 9, 2020, as stipulated by the parties in the Motion for Extension that was filed and granted on September 22, 2020. Volterra identified two new, previously unidentified products in the Second Amended Complaint as alleged evidence of induced infringement: the MP2888A and MP2965 controllers. MPS reserves the right to move to strike one or both controllers from the SAC.

**Volterra Position**: Volterra's Second Amended Complaint complies with the Court's guidance at the September 10 scheduling conference regarding the definition of the accused products and Volterra's inclusion of additional indirect infringement allegations.  *See, e.g.*, Tr. at 28:7-17, 31:8-32:15, 34:4-35:7.  There is no basis for MPS to move to strike Volterra's indirect infringement allegations, including those based on the MP2888A and MP2965 controllers.

fr.com



### 3) Motion for Reconsideration of Order on Motion to Disqualify Counsel (D.I. 63.)

**Volterra Position**: Volterra believes that MPS's Motion for Reconsideration is moot in light of the Second Amended Complaint and the Court's guidance at the September 10 scheduling conference. Volterra's inclusion of additional indirect infringement allegations was expressly permitted by the Court. Tr. at 31:8-32:15. The Second Amended Complaint alleges, *inter alia*, that MPS publishes datasheets that teach customers how to use the MP2888A and MP2965 controllers to form the 48V-1V Power Solution in support of Volterra's indirect infringement claims—i.e., these controllers are components of the accused product. The allegations do not affect the Court's Order on MPS's Motion to Disqualify: the alleged use of these components in the 48V-1V Power Solution does not expand discovery beyond the 48V-1V Power Solution and any substantially similar products, and the MP2888A and MP2965 controllers were not released until 2018, years after Fish & Richardson's representation of MPS ended.

**MPS Position**: MPS believes that the motion has not been mooted, because Volterra entered amendments to the Second Amended Complaint beyond those discussed at the scheduling conference. As stated above, Volterra identified two new, previously unidentified products as alleged evidence of induced infringement: the MP2888A and MP2965 controllers. Neither of these controllers was identified at the scheduling conference or in the previous complaint, nor are they mentioned in Volterra's direct infringement allegations. While the MP2888A and MP2965 controllers were released in 2018, the two controllers are part of a family of older controllers that date back to early 2011, during the period of time in which Fish represented MPS. One of the first models in the family is MP2951, which was developed in 2011. In 2012, MPS developed MP2953. Both are multi-phase digital controllers that use the same core algorithm as MP2888A and MP2965. The controllers are covered by several patents from this timeframe, including US Patent Nos. 8,896,278, 9,081,397, and 9,263,876. As MPS has already highlighted, Fish's work from 2007 to 2012 was pervasive, including exposure to all aspects of MPS DC-to-DC converter business, including DC-to-DC power converters which utilize coupled inductors. Indeed, Fish reviewed the inventions of some of the inventors of these patents, including Yuancheng Ren and Eric Yang, who are named inventors on the '397 patent, to help create the excel spreadsheet that Fish prepared for its 2007 Technology Review. *See* D.I. 20, ¶18 (*in camera* review of spreadsheet available). Fish also interviewed many individuals at MPS, including as previously highlighted Michael Hsing, the CEO of MPS and a named inventor on a published patent application regarding related technology, US 2011/0188218. *See* D.I. 20, ¶19; *see also id.*, Exhibit 5, p. 13. The expansion of discovery to this family of controllers used with *all* DC-to-DC converters rather than the specifically accused elements of the sole identified accused product (*i.e.* the 48V-1V Power Solution) is the conflict at issue with the Motion to Disqualify.

The parties have met and conferred on this issue, and in light of the parties' disagreement, Fish & Richardson intends to submit its response to the Motion for Reconsideration on October 2, 2020. (D.I. 72.)



Respectfully submitted,

*/s/ Robert M. Oakes*

Robert M. Oakes


cc: All Counsel of Record