## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOLTERRA SEMICONDUCTOR
LLC,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS,
INC.,

Defendant.

C.A. No. 19-2240-CFC

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Volterra Semiconductor LLC and Defendant Monolithic Power

Systems, Inc., hereafter referred to as "the Parties," believe that certain information

that is or will be encompassed by discovery demands by the Parties involves the

production or disclosure of trade secrets, confidential business information, or other

proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in

accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

## DESIGNATING PROTECTED MATERIAL

1.    Each Party may designate as confidential for protection under this Order, in

whole or in part, any document, information, or material that constitutes or includes,

in whole or in part, confidential or proprietary information or trade secrets of the Party

1

or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").   Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "RESTRICTED - ATTORNEYS' EYES ONLY."  The designation "RESTRICTED - ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.    For deposition and hearing transcripts, the designation "RESTRICTED - ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "RESTRICTED - ATTORNEYS' EYES ONLY."

2.      Any document produced under Local Rule 26.2 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to not fall under this Order.

3.      With respect to documents, information, or material designated

2

"RESTRICTED - ATTORNEYS' EYES ONLY,"[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (i.e., "RESTRICTED -ATTORNEYS' EYES ONLY,") may be made at any time.  Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "RESTRICTED - ATTORNEYS' EYES ONLY."

Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.    A  Party  shall  designate  documents,  information,  or  material  as "RESTRICTED - ATTORNEYS' EYES ONLY" only upon a good faith belief that the  documents,  information,  or  material  contains  confidential  or  proprietary information  or  trade  secrets  of  the  Party  or  a  Third  Party  to  whom  the  Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of  any  objection  to  the  furnishing  thereof,  all  such  objections  being  hereby preserved.

7.    Production of DESIGNATED MATERIAL by each of the Parties shall not be  deemed  a  publication  of  the  documents,  information,  and  material  (or  the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information,

or material or its contents.

## **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.      A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

## **THIRD PARTIES**

9.      To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to provide and produce information that will be governed by this Order based upon the Third Parties' designation.

10.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "RESTRICTED - ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or material so produced or given shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY" in accordance with this Order.

## ACCESS TO AND USE OF DESIGNATED MATERIAL

11.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

12.     "RESTRICTED - ATTORNEYS' EYES ONLY" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 21 herein:

>    (a)     outside counsel of record in this Action for the Parties;

>    (b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

6

(c)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert and a list of all litigation and engineering related consulting in the prior five (5) years at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. If the Party that received the above defined notice objects in writing to disclosure of Protected Material to the consultant or expert within the ten (10) day notice period, then the consultant or expert shall not be given access to the Protected Material and the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement, Court order, or expiration of the time period for the Objecting Party to file a motion, without such motion being filed after which access may be given to the consultant or expert;

(d)     employees of the outside consultants or experts who have access to DESIGNATED MATERIAL under paragraph 12(c),[2] provided that such employees are reasonably necessary to assist such outside consultants or experts in their work regarding this Action and are supervised by such outside consultants or experts;

(e)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services,[3] and photocopy, document imaging, and database

_____

[2] By way of example, professional staff, including analysts, working for damages experts and their consulting firms are permitted access to DESIGNATED MATERIAL under this provision.
[3] To the extent reasonably necessary to conduct mock trials or focus group exercises, "RESTRICTED - ATTORNEYS' EYES ONLY" material may be shown to mock trial or focus group participants provided: (a) the participants are required to sign a confidentiality agreement to participate in the study; (b) the DESIGNATED MATERIAL is only displayed in presentation

services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that such persons complete the Undertaking attached as Exhibit A prior to the disclosure of any DESIGNATED MATERIAL; and

(f)    the Court and its personnel.

13.    Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

14.    Nothing contained herein shall be construed to prejudice any Party's right to use  any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by

---

materials by counsel and not provided in any material given to the participants as a handout; and (c) the participants are not permitted to retain any materials from the exercise, other than a copy of their confidentiality agreement and documents related to payment for their participation in the exercise.

virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) outside counsel for a Party; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15.     Parties may, at the deposition or within thirty (30) days after receipt of a deposition transcript, designate the deposition transcript or any portion thereof as "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition transcript shall be treated as confidential.

16.     Statements made in open Court and the accompanying transcript will become

public record unless A) the party designating the material requests that the information be sealed at the hearing, and B) follows the procedures for requesting redaction set forth in The District of Delaware Policy on the Electronic Availability of Transcripts of Court Proceedings.  Prior to any Court proceeding in which designated material is to be used, counsel for the party intending to use such material shall confer in good faith with the Producing Party of such material on procedures that may be necessary or advisable to protect the confidentiality of the Protected Material.

17.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

**FILING DESIGNATED MATERIAL WITH THE COURT**

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal pursuant to D. Del. LR 5.1.3 and any other applicable local rules, and shall remain under seal until further order of the Court.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19.     Any Party knowing or believing that any other party is in violation of or

intends to violate this Order and has raised the question of violation or potential

violation with the opposing party and has been unable to resolve the matter by

agreement may move the Court for such relief as may be appropriate in the

circumstances.   Pending disposition of the motion by the Court, the Party alleged to

be in violation of or intending to violate this Order shall discontinue the performance

of and/or shall not undertake the further performance of any action alleged to

constitute a violation of this Order.

## **PROSECUTION BAR**

20.     Any attorney representing a Party, and any person associated with a Party

and permitted to receive the other Party's Protected Material, who obtains, receives,

has accessed, or otherwise learned, in whole or in part, the other Party's Protected

Material under this Order shall not prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application or patent amendments pertaining

to the field of the invention of the patents-in-suit on behalf of the receiving Party or

its acquirer, successor, predecessor, or other affiliate during the pendency of this

Action and for one year after its conclusion, including any appeals.   Nothing in this

paragraph shall preclude anyone from fully participating in any post-grant review

proceedings (including *Inter Partes* Review, Post-Grant Proceedings, or

reexamination proceedings, or any such post-grant-related foreign proceeding),

excluding any claim drafting or claim amendment activity that may be part of any

such proceedings.

## PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

21.     Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

## OTHER PROCEEDINGS

22.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## FINAL DISPOSITION

23.     Within thirty (30) days of final termination of this Action, including any appeals,  all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

## MISCELLANEOUS

24.     The Order applies to pretrial discovery.   Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL

into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

25.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Date: October 1, 2020

FISH & RICHARDSON P.C.                SHAW KELLER LLP

/s/ Robert M. Oakes                          /s/ Nathan R. Hoeschen
Robert M. Oakes (#5217)                 Karen E. Keller (#4489)
222 Delaware Avenue, 17th Floor    Andrew E. Russell (#5382)
P.O. Box 1114                                    Nathan R. Hoeschen (#6232)
Wilmington, DE 19899                     I.M. Pei Building
Telephone:  (302) 652-5070             1105 North Market Street, 12th Floor
oakes@fr.com                                     Wilmington, DE 19801
                                                           Telephone:  (302) 298-0700
*Attorneys for Plaintiff*                     kkeller@shawkeller.com
                                                           arussell@shawkeller.com
                                                           nhoeschen@shawkeller.com

SO ORDERED, this 2ⁿᵈ day of October 2020

                                                           *Attorneys for Defendant*

_____
United States District Judge

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC,<br><br>Plaintiff,<br><br>    v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br><br>Defendant. | C.A. No. 19-2240-CFC |

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is

_____. My

current employer is

_____. My current

occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have

carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold

in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information

designated as "RESTRICTED - ATTORNEYS' EYES ONLY."

4.  Promptly upon termination of these actions, I will return all documents and things designated as "RESTRICTED - ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2