## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | C.A. No. 19-02240-CFC |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| MONOLITHIC POWER SYSTEMS, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

## NOTICE OF SUBPOENA TO
## <u>FERROXCUBE CORPORATION</u>

**TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rules 30, 34, and 45 of the

Federal Rules of Civil Procedure, Defendant Monolithic Power Systems, Inc.

("MPS"), by and through undersigned counsel, will serve on Ferroxcube

Corporation ("Ferroxcube"), the attached (1) *subpoena duces tecum* and (2)

*subpoena ad testificandum*.  A true and correct copy of the subpoenas are attached

hereto as Exhibits 1 and 2 respectively.

The subpoena commands Ferroxcube to produce documents, records and

other materials described in Attachment A to the subpoena.

The deposition will take place in accordance with the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the District

of Delaware, under oath and before a notary public or other person authorized by

law to administer oaths.  The deposition will commence at Regus - Wells Fargo

Plaza, 221 N. Kansas Street, Suite 700, El Paso, TX 79901 on December 15,

2020 at 9:00 a.m., or at another mutually agreed upon location, date and time.

The deposition will be recorded by stenographic and videographic means, and

will continue day-to-day, excluding weekends and holidays, until completed.


You are invited to attend and cross-examine.

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Bob Steinberg
Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
(571) 203-2750

R. Benjamin Cassady
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: November 25, 2020

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Delaware

| | |
|---|---|
| VOLTERRA SEMINCONDUCTOR LLC | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| MONOLITHIC POWER SYSTEMS, INC. | ) |
| *Defendant* | ) |

Civil Action No.  C.A. No. 19-2240-CFC-SRF

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     FERROXCUBE CORPORATION, c/o The Corporation Trust Company
Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: Attn: Justiss Rasberry, Rasberry & Associates Inc.<br>201 East Main, Suite 1616<br>El Paso, TX 79901 | Date and Time:<br><br>12/08/2020 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/25/2020

*CLERK OF COURT*

OR

_____          /s/ Surendra K. Ravula
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendant,
MONOLITHIC POWER SYSTEMS, INC._____ , who issues or requests this subpoena, are:

Latham & Watkins, LLP by Surendra K. Ravula, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611,
surendrakumar.ravula@lw.com (312) 876-6555

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. __C.A. No. 19-2240-CFC-SRF__

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1.      "Ferroxcube," "You," "you," "Your," and "your" collectively mean and refer to Ferroxcube USA, Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Ferroxcube USA, Inc. and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.      Relevant Product means any of Your products that is a coupled inductor, controller for use with a coupled inductor, or DC-to-DC power converter incorporating a coupled inductor and/or controller, including but not limited to Your low profile magnetic cores and planar E cores and I cores (e.g., E32/6/20 and PLT32/20/3), as described in a printed publication, in public use, on sale, or otherwise available to the public prior to the earliest possible date from the following list of dates:  December 13, 2002; December 13, 2001; March 22, 2001; and March 22, 2000.

3.      Relevant Feature means a feature, of any Relevant Product, that is claimed in one or more of U.S. Patent Nos. 6,362,986; 7,525,408; and 7,772,955.

4.      "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation includes tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

5.      The words "and" and "or" are to be construed conjunctively or disjunctively to acquire the broadest meaning possible, so as to bring within the scope of the subpoena all information that might otherwise be construed to be outside its scope.

6.      The term "all" is to be construed to mean "any" and "each" and vice versa.

7.      The use of the singular form of any word includes the plural and vice versa.

8.      Except where the context does not permit, the term "including" shall be without limitation.

## INSTRUCTIONS

The following instructions are applicable herein:

1.      If You cannot fully produce the documents requested below after exercising due diligence to secure them, respond, and produce document(s) to the extent possible, specify the portion of any request for production of documents to which You are unable fully to respond, state the facts upon which You base Your contention that You are unable fully to respond to such portion, and state any knowledge, information, or belief You have concerning such portion.

2.      If you object to a request, or any part of a request, produce all documents to which your objection does not apply.

3.      If there are no documents or things responsive to a particular request, you should so state in writing.

4.      If production of any document is withheld on the basis that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege, each withheld document should be identified in a privileged document list.   The privileged document list must identify each document separately, specifying:

a.      The author of the document;

2

b.    The person(s) for whom the document was prepared, to whom it was sent, and who received copies;

c.    The date of the document;

d.    The subject matter of the document;

e.    The type of document (e.g., letter, memorandum, note, report, etc.);

f.    The number of pages and attachments; and

g.    The nature and the basis for the claim of privilege.

5.    A copy of the Protective Order entered in this Litigation is attached hereto as Attachment B.  If any of the responsive documents are considered "CONFIDENTIAL Information" or "HIGHLY CONFIDENTIAL Information" as those terms are defined in Attachment B attached hereto (Protective Order), such documents or things should be produced subject to the terms and provisions of Attachment B.

6.    If You or Your attorneys know of the existence, past or present, of any document described in any of these requests, but such document is not presently in Your possession, custody, or control or in the possession, custody, or control of any of Your past and present predecessors, successors, parents, affiliates, subsidiaries, other legal entities wholly or partially owned or controlled by You or under Your common control, other legal entities wholly or partially owned or controlled by Your parents or affiliates or under their common control directors, offices, employees, agents, consultants, attorneys, and/or any other persons acting or purporting to act on Your behalf or the behalf of Your parents and affiliates, You shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside.  If any responsive document has been destroyed or otherwise removed from Your custody or control, please state when, how, and why such document was destroyed or removed from Your custody.

3

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      Documents sufficient to show the design, development, architecture, and operation of any Relevant Product, including product descriptions, technical specifications, user manuals, user guides, operation guides, white papers, and datasheets.

2.      Documents sufficient to establish public availability of any Relevant Product (e.g., through sale, offer for sale, license, use, manufacture, description in a printed publication, etc.).

3.      A functional sample of each Relevant Product.

4.      Documents sufficient to show the operation and structure of each Relevant Feature in each Relevant Product.

## **TOPICS FOR TESTIMONY**

1.     The date when each Relevant Product for which You produced Documents and Things in Response to this subpoena was first described in a printed publication, in public use, on sale, or otherwise available to the public.

2.     The operation and structure of each Relevant Feature in each Relevant Product.

3.      The authenticity and public availability of all Documents produced in response to this subpoena.

4.     The search for and collection of Documents in response to this subpoena.

# EXHIBIT 2

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Delaware

| | |
|---|---|
| VOLTERRA SEMINCONDUCTOR LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   C.A. No. 19-2240-CFC-SRF |
| | ) |
| MONOLITHIC POWER SYSTEMS, INC. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       FERROXCUBE CORPORATION, c/o The Corporation Trust Company
              Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Regus - Wells Fargo Plaza | Date and Time: |
|---|---|
| 221 N. Kansas Street, Suite 700 | |
| El Paso, TX 79901 | 12/15/2020 9:00 am |

The deposition will be recorded by this method: _____

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       11/25/2020

                *CLERK OF COURT*
                                                                    OR
                                                                              /s/ Surendra K. Ravula
_____               _____
     *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Defendant, MONOLITHIC POWER SYSTEMS, INC. _____ , who issues or requests this subpoena, are:

Latham & Watkins, LLP by Surendra K. Ravula, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611, surendrakumar.ravula@lw.com (312) 876-6555

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. C.A. No. 19-2240-CFC-SRF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable herein, regardless of whether upper or lower case letters are used:

1.       "Ferroxcube," "You," "you," "Your," and "your" collectively mean and refer to Ferroxcube USA, Inc., and all predecessors, successors, predecessors-in-interest, successors-in-interest, subsidiaries, divisions, parents, and/or affiliates, past or present, any companies that have a controlling interest in Ferroxcube USA, Inc. and any current or former employee, officer, director, principal, agent, consultant, sales representative, or attorney thereof.

2.       Relevant Product means any of Your products that is a coupled inductor, controller for use with a coupled inductor, or DC-to-DC power converter incorporating a coupled inductor and/or controller, including but not limited to Your low profile magnetic cores and planar E cores and I cores (e.g., E32/6/20 and PLT32/20/3), as described in a printed publication, in public use, on sale, or otherwise available to the public prior to the earliest possible date from the following list of dates:  December 13, 2002; December 13, 2001; March 22, 2001; and March 22, 2000.

3.       Relevant Feature means a feature, of any Relevant Product, that is claimed in one or more of U.S. Patent Nos. 6,362,986; 7,525,408; and 7,772,955.

4.       "Document(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure Rules 26 and 34 and the relevant case law, and the broadest meaning consistent with the terms "writings" or "recordings" as set forth in Rule 1001 of the Federal Rules of Evidence, and specifically and without limitation includes tangible things and electronically stored information, including e-mail and information stored on computer disk or other electronic, magnetic, or optical data storage medium. "Document(s)" also includes all drafts or non-final versions, alterations, modifications, and amendments to any of the foregoing.

5.      The words "and" and "or" are to be construed conjunctively or disjunctively to acquire the broadest meaning possible, so as to bring within the scope of the subpoena all information that might otherwise be construed to be outside its scope.

6.      The term "all" is to be construed to mean "any" and "each" and vice versa.

7.      The use of the singular form of any word includes the plural and vice versa.

8.      Except where the context does not permit, the term "including" shall be without limitation.

## INSTRUCTIONS

The following instructions are applicable herein:

1.      If You cannot fully produce the documents requested below after exercising due diligence to secure them, respond, and produce document(s) to the extent possible, specify the portion of any request for production of documents to which You are unable fully to respond, state the facts upon which You base Your contention that You are unable fully to respond to such portion, and state any knowledge, information, or belief You have concerning such portion.

2.      If you object to a request, or any part of a request, produce all documents to which your objection does not apply.

3.      If there are no documents or things responsive to a particular request, you should so state in writing.

4.      If production of any document is withheld on the basis that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege, each withheld document should be identified in a privileged document list.   The privileged document list must identify each document separately, specifying:

a.      The author of the document;

2

b.      The person(s) for whom the document was prepared, to whom it was sent, and who received copies;

c.      The date of the document;

d.      The subject matter of the document;

e.      The type of document (e.g., letter, memorandum, note, report, etc.);

f.      The number of pages and attachments; and

g.      The nature and the basis for the claim of privilege.

5.      A copy of the Protective Order entered in this Litigation is attached hereto as Attachment B. If any of the responsive documents are considered "CONFIDENTIAL Information" or "HIGHLY CONFIDENTIAL Information" as those terms are defined in Attachment B attached hereto (Protective Order), such documents or things should be produced subject to the terms and provisions of Attachment B.

6.      If You or Your attorneys know of the existence, past or present, of any document described in any of these requests, but such document is not presently in Your possession, custody, or control or in the possession, custody, or control of any of Your past and present predecessors, successors, parents, affiliates, subsidiaries, other legal entities wholly or partially owned or controlled by You or under Your common control, other legal entities wholly or partially owned or controlled by Your parents or affiliates or under their common control directors, offices, employees, agents, consultants, attorneys, and/or any other persons acting or purporting to act on Your behalf or the behalf of Your parents and affiliates, You shall so state in response to the request, identify such document in response to the request, and identify the individual in whose possession, custody, or control the document was last known to reside. If any responsive document has been destroyed or otherwise removed from Your custody or control, please state when, how, and why such document was destroyed or removed from Your custody.

## <u>DOCUMENTS AND THINGS TO BE PRODUCED</u>

1.      Documents sufficient to show the design, development, architecture, and operation of any Relevant Product, including product descriptions, technical specifications, user manuals, user guides, operation guides, white papers, and datasheets.

2.      Documents sufficient to establish public availability of any Relevant Product (e.g., through sale, offer for sale, license, use, manufacture, description in a printed publication, etc.).

3.      A functional sample of each Relevant Product.

4.      Documents sufficient to show the operation and structure of each Relevant Feature in each Relevant Product.

## <u>TOPICS FOR TESTIMONY</u>

1.      The date when each Relevant Product for which You produced Documents and Things in Response to this subpoena was first described in a printed publication, in public use, on sale, or otherwise available to the public.

2.      The operation and structure of each Relevant Feature in each Relevant Product.

3.       The authenticity and public availability of all Documents produced in response to this subpoena.

4.      The search for and collection of Documents in response to this subpoena.

ATTACHMENT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOLTERRA SEMICONDUCTOR LLC,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,

Defendant.

C.A. No. 19-2240-CFC

## [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff Volterra Semiconductor LLC and Defendant Monolithic Power Systems, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

## DESIGNATING PROTECTED MATERIAL

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party

or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "RESTRICTED - ATTORNEYS' EYES ONLY." The designation "RESTRICTED - ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation "RESTRICTED - ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "RESTRICTED - ATTORNEYS' EYES ONLY."

2.      Any document produced under Local Rule 26.2 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to not fall under this Order.

3.      With respect to documents, information, or material designated

2

"RESTRICTED - ATTORNEYS' EYES ONLY,"[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing, or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings, and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.     A designation of Protected Material (i.e., "RESTRICTED -ATTORNEYS' EYES ONLY,") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "RESTRICTED - ATTORNEYS' EYES ONLY."

Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.      A Party shall designate documents, information, or material as "RESTRICTED - ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.      The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

7.      Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information,

or material or its contents.

## **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

## **THIRD PARTIES**

9.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to provide and produce information that will be governed by this Order based upon the Third Parties' designation.

10.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "RESTRICTED - ATTORNEYS' EYES ONLY" any documents, information, or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation.   Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or material so produced or given shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY" in accordance with this Order.

## ACCESS TO AND USE OF DESIGNATED MATERIAL

11.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

12.     "RESTRICTED - ATTORNEYS' EYES ONLY" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 21 herein:

    (a)     outside counsel of record in this Action for the Parties;

    (b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

6

(c)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert and a list of all litigation and engineering related consulting in the prior five (5) years at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. If the Party that received the above defined notice objects in writing to disclosure of Protected Material to the consultant or expert within the ten (10) day notice period, then the consultant or expert shall not be given access to the Protected Material and the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement, Court order, or expiration of the time period for the Objecting Party to file a motion, without such motion being filed after which access may be given to the consultant or expert;

(d)    employees of the outside consultants or experts who have access to DESIGNATED MATERIAL under paragraph 12(c),[2] provided that such employees are reasonably necessary to assist such outside consultants or experts in their work regarding this Action and are supervised by such outside consultants or experts;

(e)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services,[3] and photocopy, document imaging, and database

---

[2] By way of example, professional staff, including analysts, working for damages experts and their consulting firms are permitted access to DESIGNATED MATERIAL under this provision.

[3] To the extent reasonably necessary to conduct mock trials or focus group exercises, "RESTRICTED - ATTORNEYS' EYES ONLY" material may be shown to mock trial or focus group participants provided: (a) the participants are required to sign a confidentiality agreement to participate in the study; (b) the DESIGNATED MATERIAL is only displayed in presentation

services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action, provided that such persons complete the Undertaking attached as Exhibit A prior to the disclosure of any DESIGNATED MATERIAL; and

(f)     the Court and its personnel.

13.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

14.     Nothing contained herein shall be construed to prejudice any Party's right to use  any DESIGNATED MATERIAL in taking testimony at any deposition or hearing, provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by

---

materials by counsel and not provided in any material given to the participants as a handout; and (c) the participants are not permitted to retain any materials from the exercise, other than a copy of their confidentiality agreement and documents related to payment for their participation in the exercise.

virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director, or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) outside counsel for a Party; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or within thirty (30) days after receipt of a deposition transcript, designate the deposition transcript or any portion thereof as "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition transcript shall be treated as confidential.

16. Statements made in open Court and the accompanying transcript will become

public record unless A) the party designating the material requests that the information be sealed at the hearing, and B) follows the procedures for requesting redaction set forth in The District of Delaware Policy on the Electronic Availability of Transcripts of Court Proceedings. Prior to any Court proceeding in which designated material is to be used, counsel for the party intending to use such material shall confer in good faith with the Producing Party of such material on procedures that may be necessary or advisable to protect the confidentiality of the Protected Material.

17.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

## FILING DESIGNATED MATERIAL WITH THE COURT

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal pursuant to D. Del. LR 5.1.3 and any other applicable local rules, and shall remain under seal until further order of the Court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19.     Any Party knowing or believing that any other party is in violation of or

intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

## PROSECUTION BAR

20.    Any attorney representing a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material, who obtains, receives, has accessed, or otherwise learned, in whole or in part, the other Party's Protected Material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application or patent amendments pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  Nothing in this paragraph shall preclude anyone from fully participating in any post-grant review proceedings (including *Inter Partes* Review, Post-Grant Proceedings, or reexamination proceedings, or any such post-grant-related foreign proceeding), excluding any claim drafting or claim amendment activity that may be part of any

such proceedings.

## PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

21.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12

## OTHER PROCEEDINGS

22.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## FINAL DISPOSITION

23.     Within thirty (30) days of final termination of this Action, including any appeals,  all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

## MISCELLANEOUS

24.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL

into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

25.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Date: October 1, 2020

FISH & RICHARDSON P.C.                    SHAW KELLER LLP

*/s/ Robert M. Oakes*                        */s/ Nathan R. Hoeschen*
Robert M. Oakes (#5217)                   Karen E. Keller (#4489)
222 Delaware Avenue, 17th Floor           Andrew E. Russell (#5382)
P.O. Box 1114                             Nathan R. Hoeschen (#6232)
Wilmington, DE 19899                      I.M. Pei Building
Telephone:  (302) 652-5070               1105 North Market Street, 12th Floor
oakes@fr.com                              Wilmington, DE 19801
                                          Telephone:  (302) 298-0700
*Attorneys for Plaintiff*                    kkeller@shawkeller.com
                                          arussell@shawkeller.com
                                          nhoeschen@shawkeller.com

SO ORDERED, this 2nd day of October 2020

*Attorneys for Defendant*

_____
United States District Judge

14

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

VOLTERRA SEMICONDUCTOR
LLC,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS,
INC.,

Defendant.

C.A. No. 19-2240-CFC

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
## PROTECTIVE ORDER

I, _____, declare that:

1.    My address is

_____. My

current employer is

_____. My current

occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have

carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold

in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information

designated as "RESTRICTED - ATTORNEYS' EYES ONLY."

4.     Promptly upon termination of these actions, I will return all documents and things designated as "RESTRICTED - ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____