IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-2240-CFC |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending before me is Defendant Monolithic Power Systems, Inc.'s objections to the Special Master's Report and Recommendation (Report). D.I. 179. The Special Master recommended in her Report (D.I. 174) that I deny Defendant's second motion to disqualify Fish & Richardson P.C. from representing Plaintiff Volterra Semiconductor LLC in this action (D.I. 100). The Special Master based that recommendation on her determination that Monolithic failed to establish that this action is substantially related to Fish's previous representation of Monolithic. The Special Master also recommended that I require Monolithic to pay the costs of the Special Master's review of the voluminous exhibits Monolithic submitted in support of its motion. The Special Master based this second recommendation on the careless and confusing assembly and

presentation of those exhibits and Monolithic's failure to use pinpoint citations to those exhibits in its briefing.

Pursuant to Federal Rule of Civil Procedure 53(f), the court "may adopt or affirm; modify; wholly or partly reject or reverse; or resubmit . . . with instructions" a Special Master's report and recommendations. Fed. R. Civ. P. 53(f)(1). I review the Special Master's conclusions of law de novo. Fed. R. Civ. P. 53(f)(4). Where, as here, the parties have not stipulated otherwise, I also review the Special Master's findings of fact de novo. Fed. R. Civ. P. 53(f)(3).

I have studied the Special Master's Report, Monolithic's objection to the Report, the parties' briefing filed in connection with the second disqualification motion, and the exhibits Monolithic submitted in support of its motion; and I conclude that the Special Master did not err in determining that Monolithic's motion should be denied. Monolithic failed to meet its burden to establish that this action is substantially related to Fish's prior representation of Monolithic and it also failed to demonstrate that Fish obtained through its prior representation confidential information it could use to Monolithic's detriment in this case. Most telling, Monolithic failed to identify in its voluminous exhibits a single document that links Fish—directly or indirectly—to the accused products in this case.

Monolithic says it objects "foremost" to the Special Master's recommendation "because the question of whether Volterra's discovery incursions will create a disqualifying conflict with Fish's prior representation remains unanswered." D.I. 179 at 1. As support for this contention Monolithic points to the fact that the Special Master stated that she was "hesita[nt] to recommend [that the disqualification motion be denied with prejudice], as the scope of discovery has been broadened by Volterra's Second Amended Complaint and infringement contentions." D.I. 164 at 8.

The Special Master's hesitancy was well-founded. The issue of whether future "discovery incursions" by Volterra could create a disqualifying conflict was not before the Special Master and she rightly chose not to offer an advisory opinion based on speculation about discovery Volterra might seek in the future. The issue before the Special Master was whether Monolithic has demonstrated that Volterra's pending allegations and discovery requests make necessary Fish's disqualification. I agree with the Special Master that Monolithic has failed to make that showing.

I also agree with the Special Master that Monolithic should bear the cost of the Special Master's review of Monolithic's exhibits. I share the Special Master's opinion that Monolithic's conclusory assertions, failure to use pinpoint citations,

and the minute font and assembly of its voluminous exhibits constituted "careless lawyering" that justifies requiring it to pay for the entire costs of the Special Master's review of the record. I note also that I will consider the imposition of appropriate sanctions against counsel should Monolithic bring another disqualification motion that lacks merit.

Now therefore, at Wilmington on this Sixteenth day of July in 2021:

1. Defendant Monolithic Power Systems, Inc.'s Objections to the Special Master's Report and Recommendation (D.I. 179) are OVERRULED;

2. The Special Master's Report and Recommendation (D.I. 174) is ADOPTED; and

3. Defendant's Second Motion to Disqualify (D.I. 100) is DENIED.

                                                                  */s/ Colm F. Connolly*
                                                                       CHIEF JUDGE