

Andrew E. Russell
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704 – Direct
arussell@shawkeller.com

November 4, 2021

**BY CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:    *Volterra Semiconductor LLC, v. Monolithic Power Systems, Inc.*
       C.A. No. 19-2240-CFC-SRF

Dear Chief Judge Connolly,

In accordance with the Court's November 2, 2021 oral order, Defendant Monolithic Power Systems ("MPS") identifies the following five claim terms:

- "orienting, in like direction" (Claim 17 - '986 Patent)
- "common core" (Claim 17 - '986 Patent)
- "a magnetic core including … N-1 passageways" (Claim 14 - '408 Patent) / "[a/the] magnetic core forming a passageway" (Claims 1, 12, 16, and 23 - '955 Patent)
- "N connecting magnetic elements" / "each connecting magnetic element being coupled to the first and second magnetic elements" (Claim 14 - '408 Patent)
- "wound about" (Claim 14 - '408 Patent)[1]

With regard to reducing the number of disputes for the Court to resolve, MPS requested on November 1, 2021 that Volterra narrow its infringement case before the Markman hearing. Although Volterra has now had the benefit of fact and expert discovery, Volterra still asserts 28 total claims, including six independent claims—the same number as in its infringement contentions. By contrast, MPS has narrowed its invalidity theories to no more than two combinations per claim, nine total combinations across all claims, and eight total references. MPS respectfully submits

---

[1] MPS respectfully notes that this selection of terms is not intended to waive its claim construction arguments for the additional terms, and maintains that the plain and ordinary meaning of the relevant disputed terms is as MPS described.

SHAW KELLER LLP

Page 2

that Volterra should narrow its case now, as MPS already has, to preserve the Court's and the parties' resources.

Volterra indicated on November 3, 2021 that it will narrow its asserted claims, but only after the Markman hearing. MPS submits that eliminating asserted claims prior to the hearing would be more efficient. As shown below, eliminating any independent claim and its related dependent claims, other than claims 1 or 16 of the '955 patent, would narrow the remaining disputes:

| Claim Construction Dispute | '986 Pat. Claim 17 | '408 Pat. Claim 14 | '955 Pat. Claim 1 | '955 Pat. Claim 12 | '955 Pat. Claim 16 | '955 Pat. Claim 23 |
|---|---|---|---|---|---|---|
| "orienting, in like direction" | X | | | | | |
| "common core" | X | | | | | |
| "a magnetic core including … N-1 passageways" / "[a/the] magnetic core forming a passageway" | | X | X | X | X | X |
| "N connecting magnetic elements" / "each connecting magnetic element being coupled to the first and second magnetic elements" | | X | | | | |
| "wound about" | | X | | | | |
| "contacting" | | | | | | X |
| "extending to the bottom side of the magnetic core" | | | | X | | |

Respectfully submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc: Clerk of the Court (via CM/ECF & Hand Delivery)
    All Counsel of Record (via CM/ECF & Email)