

Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801

302 652 5070 main
302 652 0607 fax

**Robert M. Oakes**
oakes@fr.com
302 778 8477  direct

November 4, 2021

The Honorable Colm F. Connolly
United States District Court for
the District of Delaware
J. Caleb Boggs Federal Building
844 King Street, Room 4124
Wilmington, DE  19801-3555

Re:  *Volterra Semiconductor LLC v. Monolithic Power Systems, Inc.,* C.A. No. 19-2240-CFC

Dear Judge Connolly:

We write pursuant to the Court's November 2, 2021 Oral Order directing the parties to file separate letters identifying no more than five terms that party wishes the Court to construe at the *Markman* hearing.  Plaintiff Volterra Semiconductor LLC ("Volterra") does not believe any claims terms in the asserted patents need to be construed, and have proposed that the Court give each of the terms identified for construction by Defendant Monolithic Power Systems, Inc. ("MPS") their plain and ordinary meaning.  Volterra believes the following claim terms are most relevant to the infringement and validity issues present in this case:

1) "a magnetic core including . . . N-1 passageways" ('408 patent claim 14)
2) "[a/the] magnetic core forming a passageway" ('955 patent claims 1, 12, 16, 23)
3) "N connecting magnetic elements" ('408 patent claim 14)
4) "each connecting magnetic element being coupled to the first and second magnetic elements" ('408 patent claim 14)
5) "orienting, in like direction" ('986 patent claim 17)

Volterra notes that the dispute regarding the terms "N connecting magnetic elements" and "each connecting magnetic element being coupled to the first and second magnetic elements" in claim 14 of the '408 patent relates to the same limitation MPS seeks to impart on these two claim terms, and these terms were briefed together by the parties. *See* D.I. 89 at 81-90.  To the extent the Court treats these terms as a single dispute, Volterra also believes it would be beneficial for the Court to address the term "common core" in claim 17 of the '986 patent.

On November 1, MPS requested for the first time that Volterra narrow the number of asserted claims, and that Volterra do so before the *Markman* hearing.  Volterra is willing to narrow the number of asserted claims, and proposed a schedule for narrowing, which includes reducing the number of claims from 28 to 21 on November 16, narrowing to 14 claims within 14 days of receiving the Court's rulings on summary judgment motions, and narrowing to 10 asserted claims one week prior to the pretrial conference in this matter. All of the terms identified by Volterra above are present in the independent claims of the three patents-in-suit, and Volterra does not believe that reducing the number of asserted claims prior to the *Markman* hearing would affect the claim construction disputes presented to the Court.



Respectfully submitted,

*/s/ Robert M. Oakes*

Robert M. Oakes (#5217)


cc: All counsel of Record