IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) ) ) ) Redacted - Public Version |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 19-2240-CFC-SRF ) |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT MONOLITHIC POWER SYSTEMS, INC.'S BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF DR. JAMES DICKENS

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: November 19, 2021

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Nature and Stage of Proceedings | 1 |
| II. | Summary of the Argument | 1 |
| III. | Statement of Facts | 2 |
| | A. Dr. Dickens Does Not Analyze the Evaluation Board | 2 |
| | B. Dr. Dickens Has Admittedly Not Shown the Evaluation Board and NVIDIA Power Solution Inductors Are the Same | 3 |
| IV. | Legal Standards | 6 |
| V. | Argument | 6 |
| VI. | Conclusion | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Daubert v. Merrell Dow Pharmaceutical, Inc.*,
    509 U.S. 579 (1993)..................................................................................6

**Rules**

Federal Rule of Evidence 702...................................................................6

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff Volterra Semiconductor LLC asserts Defendant Monolithic Power Systems, Inc. infringes various claims of U.S. Patent Nos. 6,362,986, 7,525,408, and 7,772,955. D.I. 74. The Parties have completed fact and expert discovery, and trial will be set when the dispositive motions are decided.

## II. SUMMARY OF THE ARGUMENT

MPS respectfully moves this Court to exclude certain portions of the testimony of Dr. James Dickens related to an Evaluation Board MPS provided to NVIDIA.[1] Volterra's damages expert, Dr. DeForest McDuff, ascribes damages to alleged direct infringement by MPS of the Asserted Patents based on the Evaluation Board, relying on Dr. Dickens' infringement opinion.[2] Dr. Dickens, however, does not address any infringement by the Evaluation Board in his opening report. Ex. A (Dickens's Opening Report). Instead, he opines for the first time in his reply report that wherever he identifies the NVIDIA Power Solution, "that includes the evaluation board." Ex. B (Dickens's Reply Report), ¶¶14, 149. However, the very evidence Dr. Dickens and Volterra rely on to describe the Evaluation Board indicates

---

[1] This Evaluation Board has been referred to as both the MPS Evaluation Board and the NVIDIA Evaluation Board. For clarity, this motion uses "Evaluation Board," meaning the board described in MPS_DE-0011089.

[2] MPS moves to strike certain testimony of Dr. McDuff under its separate Daubert motion, including because he relies on Dr. Dickens unfounded and unrelieable opinion.

1

that the Evaluation Board likely uses different, unanalyzed inductors, as Dr. Dickens admitted in deposition. As all the Asserted Patents relate to the structure of coupled inductors, a credible opinion on infringement must analyze the accused structures. Dr. Dickens did not, so his testimony is unfounded and unreliable and should be struck. Further Dr. Dickens should be precluded from testifying regarding direct infringement by the Evaluation Board.

## III.   STATEMENT OF FACTS

### A.   Dr. Dickens Does Not Analyze the Evaluation Board

Volterra's technical expert, Dr. Dickens, submitted an expert report on infringement that evaluates two accused products, the NVIDIA Power Solution, and the APEC Power Solution. Ex. A, ¶¶49-52. Dr. Dickens alleges that the NVIDIA Power Solution uses a ██████████████████ coupled inductor. *Id.*, ¶80. Dr. Dickens then offers opinions on how he thinks the structure of the ███ ███████████ shows the NVIDIA Power Solution infringes the Asserted Patents. *Id.*, ¶¶109-459.

The Evaluation Board is a board MPS provided in ████████ for NVIDIA to evaluate certain MPS components as part of the development process. Ex. C (MPS_DE-0011089). Dr. Dickens's opening report does not accuse the Evaluation Board of infringement or analyze it and *its* inductors. Instead, he only identifies the

Evaluation Board generally as the board shown in NVIDIA_0000448 and MPS_DE-0011089. *Id,* ¶76.

In Dr. Dickens's reply report, he for the first time opines that wherever he identifies the NVIDIA Power Solution, he is contending "that includes the evaluation board." Ex. B, ¶¶14, 149. In other words, he does not separately analyze the Evaluation Board; instead he claims it is the same as the NVIDIA Power Solution, with no support for this claim in either report.

    **B.**    **Dr. Dickens Has Admittedly Not Shown the Evaluation Board and NVIDIA Power Solution Inductors Are the Same**

As Dr. Dickens himself admits, "the patents at issue [] describe and cover *specific physical designs and structures* of the coupled inductors and their use in specific converter topologies." Ex. A, ¶48 (emphasis added). So, to form a credible infringement opinion, Dr. Dickens must compare the structure of the coupled inductors used in the Evaluation Board to the claims of the Asserted Patents.

Dr. Dickens has not shown the Evaluation Board and the NVIDIA Power Solution use identical inductors. For example, Dr. Dickens alleges the Evaluation Board uses two sizes of inductors: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but does not identify what model those inductors are.

3



Ex. A, ¶76, Ex. C, MPS_DE-0011100.

By contrast, Dr. Dickens alleged the NVIDIA Power Solution uses the ▮ ▮ coupled inductor. *Id.*, ¶80. The ▮ data sheet shows that it is ▮ ▮.



Ex. D (MPS_DE-00000914), MPS_DE-00000917.

Dr. Dickens was asked about this discrepancy at his deposition, among others. Ex. E (Dickens Day 1), 216:10-236:7. He stated, "I believe, uh, that different inductors were placed on that evaluation board," and that the coupled inductors shown in the Evaluation Board and in the NVIDIA Power Solution were "certainly different." Ex. E, 235:16-236:7.

On redirect, Volterra's counsel asked Dr. Dickens additional questions regarding the Evaluation Board. Ex. F (Dickens Day 2), 448:2-453:18. Volterra asked whether Dr. Dickens considered testimony ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Volterra also asked whether Dr. Dickens considered that the picture of the Evaluation Board shows ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ These questions do not establish Dr. Dickens has support to conclude the Evaluation Board uses identically structured coupled inductors to those analyzed for the NVIDIA Power Solution.

Further, none of these questions address the fundamental issue—that is, that Dr. Dickens did not provide an opinion regarding infringement by the Evaluation Board in his opening report, and that Dr. Dickens provided only a conclusory opinion that the NVIDIA Power Solution "includes the evaluation board" in his reply

5

report. Dr. Dickens has thus not identified, let alone analyzed, the inductors shown on the Evaluation Board in his reports.

## IV. LEGAL STANDARDS

Federal Rule of Evidence 702 requires that expert testimony "based on sufficient facts or data." Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceutical, Inc.,* 509 U.S. 579, 597 (1993), the Supreme Court described the role of a trial judge under Rule 702 as "a gatekeeping role" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."

## V. ARGUMENT

Dr. Dickens's opinions regarding direct infringement by the Evaluation Board should be stricken for two reasons. First, Dr. Dickens did not disclose any opinion about infringement by the Evaluation Board until his Reply Report, and there did so only in conclusory fashion. And second, Dr. Dickens did not base his opinion that the Evaluation Board is the same as the NVIDIA Power Solution on sufficient facts or data.

Dr. Dickens opined for the first time in his reply report that the NVIDIA Power Solution "includes the evaluation board." Ex. B, ¶¶14, 149. Since his initial report regarding infringement did not accuse the Evaluation Board, MPS did not

6

have a fair opportunity to develop contrary opinions. Dr. Dickens cannot create a new opinion now, based only on this conclusory statement.

Further, Dr. Dickens does not identify a basis for this conclusory opinion, even in his reply report. When questioned regarding the differences between the coupled inductors he did analyze and those described in the Evaluation Board manual, he acknowledged that "they're certainly different." Ex. E, 235:16-236:7.

This omission is not harmless, as all three Asserted Patents require analysis of the structure of coupled inductors, not merely their presence. Dr. Dickens himself admits that "the patents at issue [] describe and cover specific physical designs and structures of the coupled inductors and their use in specific converter topologies." Ex. A, ¶48. For example, the '986 claims require that the inductors use a "common core," the '408 claims require "a first and a second magnetic element and N connecting magnetic elements" arranged in a particular manner, and the '955 claims require "a/the magnetic core forming a passageway" with particular dimensions and structural limitations. Ex. A, ¶¶112, 165, 208, 273, 311, 382. All the asserted claims require an analysis of the structure of the accused inductor to opine on infringement.

Dr. Dickens has not identified the inductors used in the Evaluation Board, and thus has not analyzed sufficient facts to show how the Evaluation Board inductors are structured. Without this analysis, Dr. Dickens has no factual foundation to allege

7

the Evaluation Board infringes. Dr. Dickens's conclusory opinion should be stricken.

## VI. CONCLUSION

MPS respectfully requests that the Court grant its motion and preclude Dr. Dickens from testifying regarding direct infringement by the Evaluation Board.

| | |
|---|---|
| OF COUNSEL:<br>Bob Steinberg<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA  90067<br>(424) 653-5500<br><br>Matthew J. Moore<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>(202) 637-2200<br><br>Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>Two Freedom Square<br>Reston, VA 20190-5675<br>(571) 203-2750<br><br>Surendra K. Ravula<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>(312) 876-6555<br><br>R. Benjamin Cassady<br>Forrest A. Jones<br>Chen Zang<br>Bradford C. Schulz<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>(202) 408-4000<br><br>Dated: November 19, 2021 | */s/ Nathan R. Hoeschen*<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawekeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |

9

### CERTIFICATE OF COMPLIANCE WITH STANDING ORDER REGARDING BRIEFING

I hereby certify that the foregoing **Defendant Monolithic Power Systems, Inc.'s Brief in Support of Their Motion to Exclude Certain Expert Testimony of James Dickens** complies with the typeface requirements and word limits of Paragraph 20(c) of the Scheduling Ordered entered in this case (D.I. 69). This brief has been prepared in 14-Point Times New Roman and contains 1,385 words, excluding the cover page, table of contents, table of authorities, signature block, and this certificate of compliance. Defendants' case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on November 19, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Robert M. Oakes
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
rmo@fr.com

David M. Barkan
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
barkan@fr.com

Aaron P. Pirouznia
Noel F. Chakkalakal
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
pirouznia@fr.com
chakkalakal@fr.com

/s/ *Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) )  Redacted - Public Version |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-2240-CFC-SRF ) |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) ) ) |
| Defendant. | ) |

**DECLARATION OF FORREST A. JONES IN SUPPORT OF DEFENDANT MONOLITHIC POWER SYSTEMS, INC.'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF DR. JAMES DICKENS**

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*


Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: November 19, 2021

1. I, Forrest A. Jones, am an attorney with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, admitted *pro hac vice* before this honorable Court to represent defendant Monolithic Power Systems, Inc. ("MPS") in this matter. I provide this declaration based on my personal knowledge.

2. Attached as Exhibit A is a true and correct copy of excerpts from the Expert Report of Dr. James Dickens, P.E. Regarding Infringement of United States Patent Nos. 6,362,986; 7,525,408; and 7,772,955, which is dated September 17, 2021.

3. Attached as Exhibit B is a true and correct copy of excerpts from the Reply Expert Report of Dr. James Dickens, P.E. Regarding Infringement of United States Patent Nos. 6,362,986; 7,525,408; and 7,772,955, which is dated October 8, 2021.

4. Attached as Exhibit C is a true and correct copy of a presentation entitled ▮▮▮▮▮, which has been produced in this litigation by MPS as MPS_DE-0011089.

5. Attached as Exhibit D is a true and correct copy of a document entitled ▮▮▮▮▮, which has been produced in this litigation by MPS as MPS_DE-0000914.

6. Attached as Exhibit E is a true and correct copy of excerpts from the Day 1 Transcript of Dr. James Claude Dickens's Deposition, which was taken on October 25, 2021.

7. Attached as Exhibit F is a true and correct copy of excerpts from the Day 2 Transcript of Dr. James Claude Dickens's Deposition, which was taken on October 26, 2021.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2021.

_____
Forrest A. Jones

2

Case 1:19-cv-02240-CFC-SRF   Document 282   Filed 11/29/21   Page 20 of 20 PageID #: 13070

# EXHIBITS A-F

# REDACTED IN THEIR ENTIRETY