IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) ) ) ) **Redacted - Public Version** |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 19-2240-CFC-SRF ) ███████████████ |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (NO. 1) OF NO INDIRECT INFRINGEMENT BASED ON ███████████████████████████**

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: November 19, 2021

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ..................................... 1

II. SUMMARY OF THE ARGUMENT ............................................................ 2

III. STATEMENT OF FACTS ............................................................................ 3

    A. ███████████ ............................................................................. 3

    B. Volterra's Proposed Amended Infringement Contentions ................... 3

IV. ARGUMENT ................................................................................................. 5

    A. Legal Standards ................................................................................... 5

    1. Summary Judgment ............................................................................. 5

    2. Infringement ......................................................................................... 6

    B. Volterra's ███████████ Bars Its Indirect Infringement Claims Premised on ███████████████████ ██████████ ................................................................................... 6

    C. ████████████████████████████████████████████████████████████████████████████████████████████████████████ 8

V. CONCLUSION ............................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................5

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964) ................................................................................................9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ...............................................................................6

*Glob. Commc'ns, Inc. v. Directv, Inc.*,
  No. 4:12CV651-RH/CAS, 2015 WL 10906061 (N.D. Fla. Nov. 16, 2015) ........8

*JVC Kenwood Corp. v. Nero, Inc.*,
  797 F.3d 1039 (Fed. Cir. 2015) ...............................................................................6

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
  572 U.S. 915 (2014) ................................................................................................6

*Matsushita Elec. Indus, Co., Ltd. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................................................5

*Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*,
  803 F.2d 684 (Fed. Cir. 1986) ............................................................................7, 8

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
  563 F.3d 1271 (Fed. Cir. 2009) .....................................................................6, 7, 8, 9

### OTHER AUTHORITIES

35 U.S.C. § 271(a) ......................................................................................................6, 7

Fed. R. Civ. P. 56(a) .......................................................................................................5

## I. NATURE AND STAGE OF THE PROCEEDINGS

On December 9, 2019, Volterra filed suit against MPS for infringing the Asserted Patents. D.I. 1.



. Ex. 1.

To date, Volterra has amended its Complaint twice. No version of the Complaint has ever explicitly named ███████████████ as an accused infringer, or any NVIDIA product as an Accused Product.

On July 1, 2021, Volterra moved for leave to amend its infringement contentions to include additional indirect infringement allegations predicated on ████████████████████████████████████████████████████████ CSOF ¶5.[1] MPS opposed Volterra's motion as untimely. D.I. 177. Briefing related to Volterra's motion for leave completed in July 2021, and that motion is pending before the Court.[2]

---

[1] "CSOF" refers to the Concise Statement of Facts filed with this Motion.

[2] This Motion is only relevant if the Court allows Volterra's amended direct infringement allegations against ███████████████. Should the Court deny Volterra's motion for leave to amend its infringement contentions, this Motion will be rendered moot. Should the Court grant this Motion before reaching Volterra's

On September 30, 2021, the Court granted MPS's motion to dismiss Volterra's contributory infringement claims alleged in the Second Amended Complaint. D.I. 244.[3]

## II.   SUMMARY OF THE ARGUMENT

 As such, they cannot be direct infringers of the Asserted Patents, as alleged by Volterra in its proposed amended infringement contentions. does nothing to alter . Absent direct infringement by , MPS cannot be held liable for inducing or contributing to that infringement. Accordingly, the indirect infringement claims against MPS based on direct infringement by should be dismissed.

---

motion for leave, the issue of whether to allow Volterra's proposed allegations involving direct infringement by , will also be moot.

[3] All discussion of "indirect infringement" in this Motion refers only to Volterra's allegations of inducement, not contributory infringement.

III.  **STATEMENT OF FACTS**

    A.  **Terms of the CNS**



Ex. 1.

. Ex. 1.

. *Id.*

*Id.* Nevertheless,

" *Id.* Volterra also stated that

*Id.*

    B.  **Volterra's Proposed Amended Infringement Contentions[4]**

Volterra's proposed amended infringement contentions allege that MPS is liable for indirect infringement based on direct infringement by

---

[4] The Court has not yet ruled on Volterra's pending motion for leave to amend its infringement contentions to include any of its allegations involving                . Solely for purposes of this Motion, MPS assumes that those allegations are part of this case.

███████████████. CSOF ¶5. For all Asserted Patents, Volterra alleges, among other things, that: 1) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████, and 2) MPS "induces" "this direct infringement." CSOF ¶¶4, 5.

███████████████████ are the only alleged direct infringers identified for indirect infringement of the '986 patent. Ex. 2 at 6-8. For indirect infringement of the '408 and '955 patents, Volterra additionally identifies ███████████████████████████████████████████████████████████████████████████████████████████████████████████. *Id.* at 13 ('408), 20 ('955).

Regarding indirect infringement of all Asserted Patents, Volterra alleges that MPS induces direct infringement in part by "█████████████████████████████████████████████████████████████████████████████████," among other things. CSOF ¶6.

In a recent letter dated October 11, 2021, MPS informed Volterra that its indirect infringement claims based on direct infringement by ████████████████ ███████. Ex. 3 at 1, 4-6. As MPS explained, the NVIDIA products that Volterra accuses in its proposed amended infringement contentions ████████████

███" *Id.* at 6.  Thus, MPS contended that the allegedly directly infringing acts by ███████████████████████████████████ *Id.*

In its responsive letter dated November 1, 2021, Volterra did not dispute that any of the NVIDIA products accused in its proposed amended infringement contentions ██████████.  Ex. 4.  Nor did Volterra dispute that ███ ████████████████████████████████████████.  *Id.*  Instead, Volterra pointed to ████████████████████ ██████████████████████.  *Id.* at 2.

## IV.  ARGUMENT

### A.  Legal Standards

#### 1.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus, Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment" unless "a reasonable jury could return a verdict for

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

### 2.   Infringement

Direct infringement occurs only when, "***without authority***," a person makes, uses, sells, or offers to sell or sell any patented invention within or imports into the United States.  35 U.S.C. § 271(a) (emphasis added).  ▮

▮

▮

Indirect infringement claims that are not based on any underlying act of direct infringement must be dismissed on summary judgment.  ▮

▮

▮ *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 572 U.S. 915, 922 (2014) ("where there has been no direct infringement, there can be no inducement of infringement"); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).

### B.   Volterra's ▮ Bars Its Indirect Infringement Claims Premised on ▮

Volterra accuses ▮

▮

███████████████████████████████████████ CSOF ¶4.

However, these purported acts of direct infringement were ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ Ex. 1.  Volterra does not dispute that

████████████████████████████████████████████████████████████

████████████████████████████████ *Compare* Ex. 3 at 4–5 *with* Ex. 4 at 2.  Nor

does Volterra dispute that its direct infringement allegations ████████████████

████████████████████████ *Id.*

    ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

Volterra alleges that MPS indirectly infringes because it induces the direct infringement of █████████████. But a claim of indirect infringement cannot be maintained without an underlying act of direct infringement. *Met-Coil*, 803 F.2d at 687 ("Absent direct infringement of the patent claims, there can be neither contributory infringement, nor inducement of infringement.") (internal citations omitted). Thus, all indirect infringement claims based on ████████████ must be dismissed. *Id.* ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**C.**  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████." Ex. 1. ████████████████████████████████████████████████████████ *Id.*

Nothing in the ▇▇▇▇ changes the ▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇.

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

▇▇▇▇ ▇

▇▇▇▇

▇▇▇▇

▇▇▇▇

Since the accused acts by ▇▇▇▇, there can be no direct infringement. Thus, MPS cannot be held liable for any indirect infringement premised on nonexistent "direct infringement" ▇▇▇▇ ▇▇▇▇

## V. CONCLUSION

Assuming the Court allows Volterra's proposed amended infringement allegations premised on direct infringement by ███████████████, MPS respectfully requests that they all be dismissed. In particular, Volterra's remaining allegations of indirect infringement of the '986 patent should be dismissed in their entirety because they are solely premised on direct infringement by ███████████████. For the '408 and '955 patents, all indirect infringement allegations premised on direct infringement by ███████████████ should be dismissed as well.

| | |
|---|---|
| OF COUNSEL:<br>Bob Steinberg<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA  90067<br>(424) 653-5500<br><br>Matthew J. Moore<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>(202) 637-2200<br><br>Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>Two Freedom Square<br>Reston, VA 20190-5675<br>(571) 203-2750<br><br>Surendra K. Ravula<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>(312) 876-6555<br><br>R. Benjamin Cassady<br>Forrest A. Jones<br>Chen Zang<br>Bradford C. Schulz<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>(202) 408-4000<br><br>Dated: November 19, 2021 | */s/ Nathan R. Hoeschen*<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawekeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |

## CERTIFICATE OF COMPLIANCE WITH STANDING ORDER REGARDING BRIEFING

I hereby certify that the foregoing **Defendant's Brief in Support of its Motion for Summary Judgment (No. 1) of No Indirect Infringement Based on Volterra's Covenant Not to Sue** complies with the typeface requirements and word limits of Paragraph 20(c) of the Scheduling Order entered in this case (D.I. 69). This brief has been prepared in 14-Point Times New Roman and contains 2,007 words, excluding the cover page, table of contents, table of authorities, signature block, and this certificate of compliance. Defendants' case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

/s/ *Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com

## **CERTIFICATE OF SERVICE**

I, Nathan R. Hoeschen, hereby certify that on November 19, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

| | |
|---|---|
| Robert M. Oakes<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE 19899<br>(302) 652-5070<br>rmo@fr.com | David M. Barkan<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>(650) 839-5070<br>barkan@fr.com |

Aaron P. Pirouznia
Noel F. Chakkalakal
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
pirouznia@fr.com
chakkalakal@fr.com

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*