**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VOLTERRA SEMICONDUCTOR LLC,

Plaintiff,

v.

MONOLITHIC POWER SYSTEMS, INC.,

Defendant.

**PUBLIC VERSION**

C.A. No. 19-2240-CFC-SRF

# JOINT MOTION TO REDACT NOVEMBER 30, 2021 MEMORANDUM OPINION

Robert M. Oakes (#5217)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
oakes@fr.com
*Attorneys for Plaintiff*

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Dated: December 10, 2021

Plaintiff Volterra Semiconductor LLC's ("Volterra") and Defendant Monolithic Power Systems, Inc.'s ("MPS") respectfully jointly move the Court to redact certain limited portions of the Court's November 30, 2021 Memorandum Opinion, the disclosure of which would cause a clearly defined and serious injury to Volterra or a third party.[1] The grounds for this motion are fully set forth below and in the attached declarations, and the requested redactions are reflected in the document attached as Exhibit A (highlighted, with blue highlighting on redactions requested by Volterra and yellow highlighting on redactions requested by MPS) and Exhibit B (redacted).

## I. LEGAL STANDARDS

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute[.]" *MOSAID Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that power to deny access to judicial records." *Id.* The Federal Rules of Civil Procedure "empower courts to make any order that justice requires to protect a party… from 'annoyance, embarrassment, oppression, or undue burden or expense,' including 'that a trade secret or other confidential research, development, or commercial

[1] MPS joins this motion only as to redaction of the third-party specification described in the MPS request below.

information not be revealed.'" *Id.* (quoting Fed. R. Civ. P. 26(c)); *see also Honeywell Int'l Inc. v. Nikon Corp.*, No. CIV. A. 04-1337-JJF, 2010 WL 744535, at *3 (D. Del. Mar. 2, 2010) (denying motion to unseal because "confidentiality of… technical and design information amounting to trade secrets, confidential research and business information" should be maintained).

A party seeking to redact a judicial record must establish good cause, which requires a specific showing that disclosure would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). "Assessing whether good cause exists to seal a judicial [record] generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *MOSAID*, 878 F. Supp. 2d at 507-08. The Third Circuit has identified a non-exhaustive list of factors to balance when evaluating whether documents should be sealed. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994). The first and most relevant factor consists of "whether disclosure will violate any privacy interests." *Id.*

Moreover, although the public may have a general interest in the outcome of a litigation, "[t]he presence of …confidential information weighs against public access and, accordingly, documents containing such information may be protected

from disclosure." *In re Gabapentin*, 312 F. Supp. 2d at 664; *see also Pansy*, 23 F.3d at 788 ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

## II. ARGUMENT

Good cause exists to redact limited portions of the November 30, 2021 Memorandum Opinion containing confidential and sensitive business information of Volterra and/or third parties, public disclosure of which would cause a clearly defined and serious injury.

First, Volterra seeks to redact specific references to a covenant not to sue between Volterra and its parent company, Maxim Integrated ("Maxim"), and a third party. *See* D.I. 178, Ex. D; *see also* Exhibit A (blue highlighting on these proposed redactions). The parties to the covenant not to sue agreed to maintain confidentiality, which is evidenced by the fact that both parties signed a non-disclosure agreement that governed the circumstances surrounding the negotiation of the covenant not to sue. Further, on its face, the covenant not to sue states that it is confidential and subject to a non-disclosure agreement. The redaction of the above-identified confidential information serves to protect the private proprietary business interests of the parties, which have a legitimate interest in ensuring that their confidential and proprietary non-public commercial business information

remain undisclosed. Specifically, the parties have agreed to maintain confidentiality of the covenant not to sue to protect against the risk that a competitor to one of the contracting parties can use information from the covenant not to sue to gain an unfair advantage when bargaining for its own contract. Therefore, the disclosure of the above-identified confidential information poses a substantial risk of harm to the parties' legitimate business interests and competitive positions.

Second, MPS seeks to redact certain confidential information from a third-party product specification. This third-party product specification is subject to a non-disclosure agreement. This third party is not a party to this case, and disclosure of that third party's product specification would result in the divulgence of confidential design information belonging to a third party with no influence as to these proceedings.

There is good cause to seal this type of information, as disclosing it would violate the privacy interests of Volterra and Maxim, and/or third parties. *See*, *e.g.*, *Mylan Inc. v. SmithKline Beecham Corp*., 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"). Moreover, the remaining *Pansy* factors are either neutral, or weigh in favor of sealing the above-identified confidential information. The second factor is inapplicable because the above-

identified confidential information is already known to the parties. Under the third factor, disclosure will not cause embarrassment to either party. Under the fourth factor, the issue of patent infringement between private parties is not an important public health and safety issue. Under the fifth factor, the above-identified confidential information is already shared between the parties, and thus cannot promote fairness and efficiency. Under the sixth factor, neither party benefitting from the order to seal the documents is a public entity or official. Finally, under the seventh factor, this case does not involve issues that are important to the public because it is a patent infringement case between private parties. The public will be able to understand the Court's rulings without the need to review the parties' confidential information, particularly in light of the limited redactions proposed here.

WHEREFORE, Volterra and MPS respectfully jointly request that the Court grant this motion and direct the Clerk of the Court to docket the redact Transcript attached as Exhibit B.

FISH & RICHARDSON P.C.

*/s/ Robert M. Oakes*
Robert M. Oakes (#5217)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
oakes@fr.com
*Attorneys for Plaintiff*

Dated: December 10, 2021

SHAW KELLER LLP

*/s/ Andrew E. Russell*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*