# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | **PUBLIC VERSION** |
| Plaintiff, | |
| v. | C.A. No. 19-2240-CFC-SRF |
| MONOLITHIC POWER SYSTEMS, INC., | ███████████████ |
| Defendant. | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF DR. JAMES DICKENS

FISH & RICHARDSON PC
Robert M. Oakes (#5217)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Tel: (302) 652-5070
oakes@fr.com

David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel:  (650) 839-5070
barkan@fr.com

Dated:  December 17, 2021

*Counsel for Plaintiff Volterra Semiconductor LLC*

## **TABLE OF CONTENTS**

I.     NATURE AND STAGE OF PROCEEDINGS ............................................ 1

II.    SUMMARY OF THE ARGUMENT ......................................................... 1

III.   STATEMENT OF FACTS ........................................................................ 1

       A.    Dr. Dickens Accused the Evaluation Board in His Opening and Reply Reports. ................................................................................1

       B.    Dr. Dickens Identified Evidence that the Nvidia Power Solution Used the Same Coupled Inductors in the Evaluation Board and Production Versions. ...........................................................................2

IV.   LEGAL STANDARDS ............................................................................. 5

V.    ARGUMENT ............................................................................................. 5

VI.   CONCLUSION ......................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ................................................................................7

*Golden Bridge Tech., Inc. v. Apple Inc.*,
   C.A. No. 10-428-SLR, 2013 U.S. Dist. LEXIS 50773, 2013 WL 1431652 (D.
   Del. Apr. 9, 2013) ...............................................................................7

*Pers. Audio, LLC v. Google LLC*,
   C.A. No. 17-1751-CFC-CJB, 2021 U.S. Dist. LEXIS 209412
   (D. Del. Oct. 25, 2021) ................................................................1, 5, 7

## I.  NATURE AND STAGE OF PROCEEDINGS

MPS moved to exclude testimony of Volterra's technical expert.  D.I. 273.

## II.  SUMMARY OF THE ARGUMENT

MPS seeks to exclude expert testimony because it believes "that the Evaluation Board **likely** uses different, unanalyzed inductors" than the production version of the Nvidia Power Solution.  *Id.* at 2 (emphasis added).  But Dr. Dickens concluded that both versions used the same inductors, and he supported his opinion with photographs of the Evaluation Board and testimony from MPS's witness. MPS's "quibbles with [the expert's] relative lack of supplementary support for his conclusions is the kind of thing that can be addressed at trial via cross-examination."  *Pers. Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, 2021 U.S. Dist. LEXIS 209412 at *11 (D. Del. Oct. 25, 2021).

## III.  STATEMENT OF FACTS

### A.  Dr. Dickens Accused the Evaluation Board in His Opening and Reply Reports.

Dr. Dickens's Opening Report cited an email where Nvidia ███████████ ███████████████████████████████████████████████████ Ex. A at ¶62 (citing MPS_DE-00010159).  Dr. Dickens then explained how "MPS provided Nvidia with a Nvidia Power Solution evaluation board that it designed and manufactured." *Id.* at ¶76 (citing NVIDIA_0000448; MPS_DE-0011089).

1

Dr. Dickens also cited to MPS employee Dawson Huang's deposition testimony that explained how ███████████████████████████ ████████████████████████████████████████████████ ████████████████████████ *Id.* (citing Huang Depo at 197:6-212:24). "MPS further created the 'MPS 2-Stage EVB Demo Manual' and provided it to Nvidia to assist with their use of the evaluation board," and Dr. Dickens copied this manual into his report. *Id.* (quoting MPS_DE-0011089-97).

As an example of direct infringement, Dr. Dickens identified how "MPS designed and tested an evaluation board for the Nvidia Power Solution before shipping it to the Nvidia along with instructions on how to use the evaluation board." *Id.* at ¶¶481, 487 (citing NVIDIA_0000448; MPS_DE-0011089; Huang Depo at 197:6-212:24).

Dr. Dickens's Reply Report reiterated that the Evaluation Board infringes. Ex. B at ¶¶14, 149.

### B. Dr. Dickens Identified Evidence that the Nvidia Power Solution Used the Same Coupled Inductors in the Evaluation Board and Production Versions.

Dr. Dickens's Opening Report cited to Mr. Huang's testimony regarding the Evaluation Board and the fact that "[t]he Nvidia Power Solution [] includes ███████████████████ coupled inductors." Ex. A at ¶76 (citing Huang Depo at 197:6-212:24); ¶80 (citing Huang Depo at 249:15-252:6; NVIDIA_0000208). Mr.

2

Huang testified that Delta "███████████████████████████████████"

and that MPS "██████████████████████████," pointing to four coupled

inductors labeled "████████ on the Evaluation Board:

Ex. C at 203:19-204:14, 208:10-210:3.  The ██████████████ datasheet

similarly said it was "██████████████████████████" and included a "██

██████████.  Ex. D at MPS_DE-00000916-917.



During Dr. Dickens's deposition, MPS pointed out how a schematic drawing

related to the Evaluation Board labeled the coupled inductors as ████████ and

████████ while the ████████████P datasheet listed ██████.  D.I. 273-1, Ex.

E at 221:8-15; 227:24-228:18; 233:11-234:2.  To be clear, these questions involved

an implied representation by MPS's counsel that the schematic labels were correct,

despite that representation being contradicted by the sworn testimony of MPS's

30(b)(6) witness, Mr. Huang.  Dr. Dickens answered the questions subsequent to

this representation based on the assumption in MPS's question.  But later in the

deposition, Dr. Dickens clarified his statements about the Evaluation Board.  Dr.

Dickens confirmed his opinion that the Evaluation Board used the same coupled

inductor as the production board, and with respect to the testimony of Mr. Huang,

the Evaluation Board photographs, and the ███████████████ coupled inductor

datasheet, Dr. Dickens testified that he "consider[ed] these facts … in determining

whether the coupled inductor on the Nvidia evaluation board **was the same**

**coupled inductor** a[s] the Nvidia production board." *Id.* at 453:13-18 (emphasis

added).

## IV.   LEGAL STANDARDS

"The grounds for the expert's opinion merely have to be good, they do not

have to be perfect; thus, the standard for reliability is not that high." *Pers. Audio*,

2021 U.S. Dist. LEXIS 209412 at *3.

## V.   ARGUMENT

MPS first argues that "Dr. Dickens did not disclose any opinion about

infringement by the Evaluation Board until his Reply Report," but the record says

otherwise.  D.I. 273 at 6.  Dr. Dickens's Opening Report described how the

development of the Nvidia Power Solution included MPS creating the Evaluation

Board.  Ex. A at ¶¶62, 76.  Dr. Dickens copied the manual for the Evaluation

Board into his report and cited to MPS employee Dawson Huang's testimony that

explained how "████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████." *Id.* at ¶76 (citing Huang Depo at 197:6-212:24).  Dr. Dickens further

identified how MPS directly infringed the Asserted Patents because it "designed

and tested an evaluation board for the Nvidia Power Solution before shipping it to the Nvidia along with instructions on how to use the evaluation board." *Id.* at ¶¶481, 487.

MPS also ignores the record in its second argument that "Dr. Dickens has not identified the inductors used in the Evaluation Board, and thus has not analyzed sufficient facts." D.I. 273 at 7. Dr. Dickens concluded that the Nvidia Power Solution used the same coupled inductors in the Evaluation Board and production versions because Mr. Huang testified that both versions used inductors that were ████████████████████ D.I. 273-1, Ex. F at 448:2-453:18. Dr. Dickens further relied on the photographs of the Evaluation Board produced by MPS that specifically show inductors labelled "████████ on the Evaluation Board. Ex. A at ¶76 (citing MPS_DE-0011089). This is the same inductor from the production board, just as Dr. Dickens has opined.

MPS disagrees with Dr. Dickens's conclusion because MPS's schematic labeled the inductors with a different inductance value.  D.I. 273 at 3-4.  But it is for a jury to weigh the photographic evidence and deposition testimony relied upon by Dr. Dickens against MPS's interpretation of a schematic drawing.  *See Pers. Audio*, 2021 U.S. Dist. LEXIS 209412 at *11; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *Golden Bridge Tech., Inc. v. Apple Inc.*, C.A. No. 10-428-SLR, 2013 U.S. Dist. LEXIS 50773, 2013 WL 1431652, at *3 (D. Del. Apr. 9, 2013) ("To the extent [movant] does not find [the expert's] citations convincing, such an issue is more properly reserved for cross examination.").

It is MPS, not Dr. Dickens, who will have to explain why its sworn testimony and photographs of the Evaluation Board are not dispositive.  Indeed, Mr. Huang testified that the Evaluation Board used the ███ inductors and did not change his testimony in his deposition errata.  Ex. C at 208:10-210:3; Ex. E.

## VI.   CONCLUSION

For the reasons set forth above, MPS's Motion should be denied.

Dated:  December 17, 2021

FISH & RICHARDSON P.C.

By: */s/ Robert M. Oakes*
    Robert M. Oakes (#5217)
    222 Delaware Avenue, 17th Floor
    P.O. Box 1114
    Wilmington, DE 19899
    Telephone:  (302) 652-5070
    oakes@fr.com

    David M. Barkan
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Tel:  (650) 839-5070
    barkan@fr.com

    *Counsel for Plaintiff Volterra*
    *Semiconductor Inc.*

8

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that **Volterra's Answering Brief In Opposition to Monolithic Power Systems, Inc.'s Motion to Exclude Certain Expert Testimony of Dr. James Dickens** complies with the typeface requirements and word limits of Paragraph 20(c) of the Scheduling Order entered in this case (D.I. 69).  This brief has been prepared in 14-Point Times New Roman and contains 1,182 words, excluding the cover page, table of contents, table of authorities, signature block, certificate of service and this certificate of compliance. Plaintiff's Opposition to Defendant's case dispositive motions and *Daubert* motions combined contain 12,500 word or less.

Dated: December 17, 2021                    */s/ Robert M. Oakes*
                                             Robert M. Oakes (#5217)

9