# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, <br><br> Plaintiff, <br><br> v. <br><br> MONOLITHIC POWER SYSTEMS, INC., <br><br> Defendant. | **PUBLIC VERSION** <br><br> C.A. No. 19-2240-CFC-SRF <br><br> ■■■■■■■■■■■■■ |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 1) BASED ON** ■■■■■■■■■■■■■■■■■■■■■■

FISH & RICHARDSON PC
Robert M. Oakes (#5217)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
Tel: (302) 652-5070
oakes@fr.com

David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
barkan@fr.com

Dated: December 17, 2021

*Counsel for Plaintiff Volterra Semiconductor LLC*

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDINGS ............................................. 1

II. SUMMARY OF THE ARGUMENT ............................................................ 1

III. STATEMENT OF FACTS ............................................................................ 1

IV. LEGAL STANDARDS ................................................................................. 2

V. ARGUMENT.................................................................................................. 2

    A. ███████████████████████████████████
   ████████ .............................................................................2

    B. ███████████████████████████████████
   █████ .................................................................................4

    C. The Proper Interpretation ████████ May Encompass Factual Disputes Precluding Summary Judgment. .............................................8

    D. At the Very Least, ████████████████████████████
   ███████████████. ................................................................9

VI. CONCLUSION ............................................................................................11

# **TABLE OF AUTHORITIES**

                                                                                **Page(s)**

**Cases**

*Asetek Holdings, Inc. v. CoolIT Sys.*,
   No. C-12-4498 EMC, 2013 U.S. Dist. LEXIS 147829 (N.D. Cal.
   Oct. 11, 2013) ................................................................................................5, 6

*Boston Scientific Corp. v. Johnson & Johnson*,
   534 F. Supp. 2d 1062 (N.D. Cal. 2007) .........................................................6, 7

*Dale v. Preg*,
   204 F.2d 434 (9th Cir.1953) ................................................................................8

*Exelis Inc. v. Cellco P'ship*,
   C.A. No. 09-190-LPS, 2012 U.S. Dist. LEXIS 159085 (D. Del.
   Oct. 9, 2012) .................................................................................................7, 8

*Federal Ins. Co. v. Scarsella Bros., Inc.*,
   931 F.2d 599 (9th Cir. 1991) ..............................................................................8

*Glob. Communs., Inc. v. DirecTV, Inc.*,
   No. 4:12cv651-RH/CAS, 2015 U.S. ................................................................3

*Perfect Co. v. Adaptics Ltd.*,
   374 F. Supp. 3d 1039 (W.D. Wash. 2019) ........................................................5

*Purdue Pharma L.P. v. Collegium NF, LLC*,
   Civil Action No. 18-226-CFC, 2019 U.S. Dist. LEXIS 102109 (D.
   Del. June 19, 2019) (J., Connolly) .....................................................................9

*Reeves v. Sanderson Plumbing Prods., Inc.*,
   530 U.S. 133 (2000) ...........................................................................................2

*S. California Stroke Rehab. Assocs., Inc., v. Nautilus, Inc.*,
   782 F. Supp. 2d 1096 (S.D. Cal. 2011) .........................................................8, 9

*Sunoco Partners Mktg. & Terminals L.P. v. U.S. Venture, Inc.*,
 2017 U.S. Dist. LEXIS 159109, 2017 WL 4283946 (N.D. Ill. Sep.
 27, 2017)................................................................................................10

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
 563 F.3d 1271 (Fed. Cir. 2009)................................................................*passim*

## I. NATURE AND STAGE OF PROCEEDINGS

MPS moved for summary judgment of no indirect infringement. D.I. 276.

## II. SUMMARY OF THE ARGUMENT

MPS relies entirely on the principle that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is the equivalent of an express license. But ▉▉▉▉▉▉▉▉ is not the kind of all-encompassing agreement on which the Federal Circuit based its ▉▉▉▉▉▉ decision. Instead, Volterra limited ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and Volterra's inducement claims are based, at least in part, on ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Moreover, Volterra properly reserved its right to pursue indirect infringement claims against MPS in a manner fundamentally different from ▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

## III. STATEMENT OF FACTS

On April 9, 2020, Volterra wrote ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ SOF at ¶7.

To ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉," Volterra also asserted that it would "▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1

[REDACTED].” *Id.* at ¶8.

However, "[REDACTED]" *Id.* at ¶9.

Volterra's expert report explained how MPS induced infringement when

"[REDACTED]" the Asserted Patents. *Id.* at ¶¶11-13.

## IV. LEGAL STANDARDS

The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## V. ARGUMENT

A. [REDACTED]

MPS relies on the inapposite [REDACTED] to argue that Volterra's

"[REDACTED]

2

█████" D.I. 276 at 7 (citing ████████████████████████████████████

████████████████████████████ But in ████████ the Federal Circuit considered

"██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████."

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████ SOF at ¶7 (emphasis added).

Volterra's direct infringement allegations go beyond ████████████. As described in Volterra's expert report, "████████████████████████████

██████████████████████████████████████████████████████████████

████████ the Asserted Patents. *Id.* at ¶11 (emphasis added). Indeed, MPS induced

██████████████████████████████████████████████████████████. *Id.* at

¶12. MPS also induced ████████████████████████████████████████

---

[1] In MPS's other cited case, ████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████

3

███████████████████████████████████████. *Id.* at ¶13.

And as MPS admits, "Volterra **additionally identifies** ███████████,

███████████████████████████████████████

███████████████████████████████████ D.I. 276

at 4 (emphasis added).

In sum, ███████████████████████████████

███████████████████████ On the other hand, Volterra also accuses

other third parties as well as the acts of ███████████████████

███████████████████████████████ Summary

judgment is thus unwarranted.

**B.**   ███████████████████████████████████

MPS once again stretches ██████ beyond its holding to incorrectly argue

that the reservation of rights language in the ███████████████

███████████████████████████████ D.I. 276 at 9.  In

████████, the Federal Circuit addressed "███████████████████

███████████████████████████████

████████ (emphasis added).  Unlike the scenario where the court needed to

███████████████████████████████

███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

But here the issue is not downstream patent exhaustion. Nor could it be because MPS ███████████████, and courts have repeatedly found that exhaustion only flows downstream. *See Perfect Co. v. Adaptics Ltd.*, 374 F. Supp. 3d 1039 (W.D. Wash. 2019) ("The few cases that have contemplated Adaptics' upstream patent exhaustion arguments have rejected them"); *Asetek Holdings, Inc. v. CoolIT Sys.*, No. C-12-4498 EMC, 2013 U.S. Dist. LEXIS 147829 at *6 (N.D. Cal. Oct. 11, 2013) ("No court … has ever applied the patent exhaustion doctrine to protect anyone 'upstream' - e.g., the person/entity's suppliers").

The question that remains is whether the express reservation of rights ███ ███ is effective. Here again, MPS misreads the ███████ case. The Federal Circuit has never stated, in ███████ or otherwise, that reservations of rights ███ ███ should be ignored. Indeed, the █████████████████████████████ █████████████████████████████████████████ The Federal Circuit thus did not reach the question of whether a reservation of rights was effective ███████, and instead explained away █████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

5

███

███

To the extent MPS's brief references "implied license,"[2] that defense does not support MPS's Motion. When considering an implied license defense, the contracting parties' intent matters. ███

███

███ Like the Federal Circuit in *Jacobs*, other courts have considered the contracting parties' intent and differentiated between ███ and License provisions in the context of an implied license analysis, finding that ███

███

███

███ *Asetek Holdings*, 2013 U.S. Dist. LEXIS 147829 at *9-10; *see also Boston Scientific Corp. v. Johnson & Johnson*, 534 F. Supp. 2d 1062 (N.D. Cal. 2007) ███

███

---

[2] MPS appears to claim the benefit of an implied license. *See* D.I. 276 at 7, 8, 9 (reciting "implied license" five times); D.I. 263 at 41 (asserting "Implied License" defense).

6

Volterra and ▓▓▓ intended to preserve Volterra's indirect infringement claims against MPS. Indeed, ▓▓▓

▓▓▓ SOF at ¶9. MPS argues this reservation ▓▓▓

▓▓▓ (D.I. 176 at 9), but the reservation explicitly refers to MPS's ▓▓▓ SOF at ¶9 (emphasis added). And to avoid any doubt, ▓▓▓

▓▓▓ *Id.*

In similar circumstances, this Court has found that such an agreement does not preclude indirect infringement claims. *Exelis Inc. v. Cellco P'ship*, C.A. No. 09-190-LPS, 2012 U.S. Dist. LEXIS 159085, at *10-16 (D. Del. Oct. 9, 2012). In *Exelis*, the defendants argued a settlement agreement with Sprint preluded Sprint or Sprint's customers from being direct infringers, and thus defendants could not indirectly infringe by providing mobile devices for use in Sprint's network. *Id.* at *10. In rejecting this argument, the Court pointed to language in the agreement that preserved Exelis's "ability and rights to sue or continue suit against manufacturers of products for use in Sprint's wireless network" and that "the covenants granted in this paragraph … do not extend to or operate as a license,

7

express or implied, to the manufacturers or suppliers of products for use in Sprint's wireless networks." *Id*. at *14-15.  The Court further ███████████

███████████████████████████████████

███████████████

███████████████████████████████

███████████████████████████

███████████████████ MPS's motion should thus be denied.

    **C.    The Proper Interpretation ███████ May Encompass Factual Disputes Precluding Summary Judgment.**

Under California law, if a contract is "free from ambiguity, its meaning [is] a question of law to be determined by the court solely from its language." *Dale v. Preg*, 204 F.2d 434, 435 (9th Cir.1953).  A contract provision is considered ambiguous when the provision is susceptible to more than one reasonable interpretation.  *Federal Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 603 (9th Cir. 1991).  "The Court can determine whether the contract is ambiguous on its face or by using extrinsic evidence of the parties' intent."  S. *California Stroke Rehab. Assocs., Inc., v. Nautilus, Inc.*, 782 F. Supp. 2d 1096, 1110 (S.D. Cal. 2011).  "[W]hen two equally plausible interpretations of the language of a contract may be made … parol evidence is admissible to aid in interpreting the agreement, thereby presenting a question of fact which precludes summary judgment if the evidence is contradictory."  *Id*.

8

Volterra argues that ▇ properly reserved the right to identify ▇ as a direct infringer ▇ MPS argues that ▇

▇

D.I. 276 at 9.  If the Court finds both interpretations are equally plausible, parol evidence must be admitted, precluding summary judgment.

Discovery revealed parol evidence regarding the contracting parties' intent. Volterra's witness testified that ▇, but Volterra weighed "the pros and cons and chose not to go down that path ultimately." SOF at ¶10. The witness further testified that Volterra understood there was a difference between a ▇, and described the ▇ drafts and related correspondence. *Id*.

Summary judgment is thus improper if MPS's and Volterra's interpretations are equally plausible.

    **D.**    **At the Very Least,** ▇

Even if this Court finds that ▇ precludes identifying ▇ and its customers as direct infringers going forward, ▇

▇ As this Court recently recognized, ▇

▇

▇

▇

▇

9

10

Thus, at the very least, ▇▇▇ and its customers' direct infringement occurring before ▇▇▇ can form the basis of MPS's indirect infringement.

## VI.   CONCLUSION

For the reasons set forth above, MPS's Motion should be denied.

Dated:  December 17, 2021                    FISH & RICHARDSON P.C.

                                             By: */s/ Robert M.Oakes*
                                                Robert M. Oakes (#5217)
                                                222 Delaware Avenue, 17th Floor
                                                P.O. Box 1114
                                                Wilmington, DE 19899
                                                Telephone:  (302) 652-5070
                                                oakes@fr.com

                                                David M. Barkan
                                                500 Arguello Street, Suite 500
                                                Redwood City, CA 94063
                                                Tel:  (650) 839-5070
                                                barkan@fr.com

                                                *Counsel for Plaintiff Volterra*
                                                *Semiconductor Inc.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that **Volterra's Answering Brief In Opposition to Monolithic Power Systems, Inc.'s Motion For Summary Judgment (No. 1) Based On** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ complies with the typeface requirements and word limits of Paragraph 20(c) of the Scheduling Order entered in this case (D.I. 69).  This brief has been prepared in 14-Point Times New Roman and contains 2,361 words, excluding the cover page, table of contents, table of authorities, signature block, certificate of service and this certificate of compliance.  Plaintiff's Opposition to Defendant's case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

Dated: December 17, 2021              */s/ Robert M. Oakes*
                                       Robert M. Oakes (#5217)

12