# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

VOLTERRA SEMICONDUCTOR LLC,

     Plaintiff,

     v.

MONOLITHIC POWER SYSTEMS, INC.,

     Defendant.

C.A. No. 19-2240-CFC-SRF

██████████████████

**OMNIBUS DECLARATION OF ROBERT M. OAKES IN SUPPORT OF PLAINTIFF VOLTERRA SEMICONDUCTOR LLC'S (1) CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 1) BASED ON ████████████ ████████████████; (2) CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 2) OF NO INDUCED OR WILLFUL INFRINGEMENT FOR THE '408 AND '955 PATENTS; (3) CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 3) OF INDEFINITENESS OF US PATENT NO. 6,362,986**

FISH & RICHARDSON P.C.
Robert M. Oakes (#5217)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
(302) 652-5070
oakes@fr.com

David M. Barkan
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
barkan@fr.com

Dated:  December 17, 2021

***COUNSEL FOR PLAINTIFF
VOLTERRA SEMICONDUCTOR LLC***

I, Robert M. Oakes, under penalty of perjury, declare as follows:

1.      I am an attorney with the law firm of Fish & Richardson P.C., counsel for Volterra Semiconductor LLC in this action, and a member of the Bar of this Court.  I make this declaration in support of Plaintiff's Concise Statement of Facts In Opposition to (1) Defendant's Motion for Summary Judgment (No. 1) Based on ███████████████████████; (2) Defendant's Motion for Summary Judgment (No. 2) of No Induced or Willful Infringement for the '408 and '955 Patents; and (3) Defendant's Motion for Summary Judgment (No. 3) of Indefiniteness of Claims 17, 18, 20, 21 and 23 of Us Patent No. 6,362,986.  Unless otherwise stated, the matters contained in this declaration are of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Maxim production document MAXIM_00011579.

3.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts from the August 4, 2021 deposition transcript of Stan Bochenek.

4.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the Expert Report of Dr. James Dickens, P.E. Regarding Infringement of United States Patent Nos. 6,362,986; 7,525,408; and 7,772,955, dated September 17, 2021.

5.      Attached hereto as Exhibit 4 is a true and correct copy of excerpts from Maxim production document Maxin_00011320.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Maxim production document Maxim_00013238.

7.      Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the September 3, 2021 deposition transcript of Jinghai Zhou.

8.      Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the October 13, 2021 deposition transcript of Rohan Samsi.

9.      Attached hereto as Exhibit 8 is a true and correct copy of Delta production document DAL0000001-4.

10.     Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the Rebuttal Expert Report of Joshua Phinney Regarding U.S. Patent No. 6,362,986, dated October 1, 2021.

11.     Attached hereto as Exhibit 10 is a true and correct copy of excerpts from the Rebuttal Expert Report of Regan Zane, dated October 1, 2021.

12.     Attached hereto as Exhibit 11 is a true and correct copy of MPS production document MPS_DE-00010092.

13.     Attached hereto as Exhibit 12 is a true and correct copy of an excerpt of MPS production document MPS_DE-00010036.

14.     Attached hereto as Exhibit 13 is a true and correct copy of excerpts from the September 2, 2021 deposition transcript of Roland Tso.

15.     Attached hereto as Exhibit 14 is a true and correct copy of a Google

3

website printout regarding U.S. Patent No. 6,362,986.

16.     Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the September 9, 2021 deposition transcript of Ahmed Abou-Alfotouh.

17.     Attached hereto as Exhibit 16 is a true and correct copy of excerpts from the August 23, 2021 deposition transcript of Rizwan Khalid.

18.     Attached hereto as Exhibit 17 is a true and correct copy of Maxim production document Maxim_00013677.

19.     Attached hereto as Exhibit 18 is a true and correct copy of excerpts from Nvidia production document NVIDIA_0001651-1657.

20.     Attached hereto as Exhibit 19 is a true and correct copy of Maxim production document Maxim_00013678.

21.     Attached hereto as Exhibit 20 is a true and correct copy of Maxim production document Maxim_00013679.

22.     Attached hereto as Exhibit 21 is a true and correct copy of U.S. Patent No. 6,362,986.

23.     Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the Expert Report of Dr. James Dickens, P.E. Regarding Validity of United States Patent Nos. 6,362,986; 7,525,408; and 7,772,995, dated October 1, 2021.

24.     Attached hereto as Exhibit 23 is a true and correct copy of excerpts from the Opening Expert Report of Joshua Phinney Regarding U.S. Patent No.

6,362,986, dated September 17, 2021.

25.     Attached hereto as Exhibit 24 is a true and correct copy of excerpts from the Declaration of Dr. Douglas C. Hopkins In Support of Petition for Inter Partes Review of U.S. Patent No. 6,362,986, in IPR2020-1368.

26.     Attached hereto as Exhibit 25 is a true and correct copy of excerpts from the Declaration of Dr. Douglas C. Hopkins In Support of Petition for Inter Partes Review of U.S. Patent No. 6,362,986, in IPR2020-1370.

27.     Attached hereto as Exhibit 26 is a true and correct copy of excerpts from the November 12, 2021 Markman hearing transcript.

28.     Attached hereto as Exhibit 27 is a true and correct copy of excerpts from the October 22, 2021 deposition transcript of Joshua Phinney.

29.     Attached hereto as Exhibit 28 is a true and correct copy of U.S. Patent No. 7,525,408.

30.     Attached hereto as Exhibit 29 is a true and correct copy of an excerpt of U.S. Patent No. 7,352,269.

31.     Attached hereto as Exhibit 30 is a true and correct copy of U.S. Patent No. 7,772,955.

32.     Attached hereto as Exhibit 31 is a true and correct copy of MPS production document MPS_DE-00010405.

33.     Attached hereto as Exhibit 32 is a true and correct copy of MPS

production document MPS_DE-00010407.

34.     Attached hereto as Exhibit 33 is a true and correct copy of an excerpt of MPS production document MPS_DE-00010473.

35.     Attached hereto as Exhibit 34 is a true and correct copy of an excerpt of MPS production document MPS_DE-00010840.

36.     Attached hereto as Exhibit 35 is a true and correct copy of an excerpt of MPS production document MPS_DE-00010889.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of December, 2021 at Media, PA.

_____/s/ Robert M. Oakes_____
Robert M. Oakes (#5217)