IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>MONOLITHIC POWER SYSTEMS, INC., )<br>)<br>      Defendant. ) | **Redacted - Public Version**<br><br>C.A. No. 19-2240-CFC-SRF |

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF DR. JAMES DICKENS

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

Dated: January 7, 2022

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................... 1

II. Argument .............................................................................................................. 1

    A. Dr. Dickens Did Not Analyze the Evaluation Board in his Opening Report of Direct Infringement ................................................. 1

    B. Volterra Does Not Demonstrate the Evaluation Board Uses the Same Coupled Inductor as the NVIDIA Power Solution ...................... 2

    C. Striking, not Cross Examination, is the Proper Remedy for Wholly Conclusory Expert Opinions ..................................................... 4

III. Conclusion ........................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Align Tech., Inc. v. 3Shape A/S*,
 No. CV 17-1646-LPS, 2020 WL 4926164 (D. Del. Aug. 14, 2020)....................4

*Pers. Audio, LLC v. Google LLC*,
 C.A. No. 17-1751-CFC-CJB, 2021 WL 5038740 (D. Del. Oct. 25,
 2021) .......................................................................................................................4

*TC Tech. LLC v. Sprint Corp.*,
 C.A. No. 16-153-RGA, 2019 WL 2515779 (D. Del. June 18, 2019)...................4

## I. INTRODUCTION

MPS moved to exclude Dr. Dickens's opinion regarding direct infringement by the Evaluation Board because Dr. Dickens did not analyze the Evaluation Board inductors in his opening report and merely concluded in his reply report that the Evaluation Board and the NVIDIA Power Solution are the same.[1] Neither report supports this conclusory opinion. Volterra's Opposition attempts to fix this error by grasping at any mention of the Evaluation Board in the reports. But Dr. Dickens's opinion is not reliable because it is based on insufficient, and even contradictory, facts. Volterra cannot be permitted to confuse the jury with unsupported speculation. Dr. Dickens's opinion must be struck.

## II. ARGUMENT

### A. Dr. Dickens Did Not Analyze the Evaluation Board in his Opening Report of Direct Infringement

Volterra claims "Dr. Dickens Accused the Evaluation Board in his Opening and Reply Reports." D.I. 299, 1. Not so. Dr. Dickens did not accuse the Evaluation Board of direct infringement, but rather only mentioned it as background and alleged evidence of inducement.

---

[1] Volterra initially accused only the APEC Power Solution. It added the NVIDIA Power Solution in its Amended Infringement Contentions, but not the Evaluation Board. MPS is moving to exclude Dr. Dickens's conclusory Evaluation Board opinion, and preclude new testimony.

Volterra points first to the NVIDIA Power Solution development summary. *Id.*, 1-2. But this is just background, not direct infringement analysis. Dr. Dickens mentions the Evaluation Board nowhere in his direct infringement analysis. D.I. 273-2, ¶¶109-459. In fact, Dr. Dickens explicitly identifies what he sees as the "accused instrumentalities" in paragraph 50, listing *seven* different NVIDIA Power Solution alternatives—but not the Evaluation Board. *Id.*, ¶50.

Volterra points second to Dr. Dickens mentioning an Evaluation Board in his indirect infringement analysis, but this section is about alleged acts of inducement—not direct infringement. D.I. 299, 1-2; D.I. 300-1, ¶487. That is, by "designing and testing" the Evaluation Board, Volterra alleges MPS induced NVIDIA to infringe later, through the NVIDIA Power Solution.

Further, even if these mere mentions of the Evaluation Board were "accusations," Dr. Dickens's reports do not *analyze* the Evaluation Board inductors for infringement. Without this analysis, any opinions cannot be reliably supported. Bare conjecture must be stricken.

**B.    Volterra Does Not Demonstrate the Evaluation Board Uses the Same Coupled Inductor as the NVIDIA Power Solution**

Volterra attempts to fill in Dr. Dickens's testimony itself, with supplemental evidence. D.I. 299, 2-5. However, this evidence does not show the NVIDIA Power Solution and Evaluation Board coupled inductors are the same.

Volterra points to facts MPS already addressed. D.I. 273, 5. While Mr. Huang testified that the Evaluation Board uses a ▇ inductor, he did not testify that it was the *same* production ▇ inductor in the NVIDIA Power Solution. D.I 300-3. Further, while the Evaluation Board inductors are marked ▇ the analyzed NVIDIA Power Solution inductor only says it is marked in a ▇ *format*, leaving the "▇ unidentified. *Compare* D.I. 273-4, MPS_DE-0011092, *with* D.I. 273-5, MPS_DE-00000916. Neither shows the inductors are the same.

Indeed, Volterra's demonstrative illustrates the inductors are different, each having different dimensions.



3

███████████████████████████████████████

████████████████

### C. Striking, not Cross Examination, is the Proper Remedy for Wholly Conclusory Expert Opinions

Finally, Volterra contends that the proper remedy for Dr. Dickens conclusory opinion is cross examination. D.I. 299, 7. This is incorrect, as "wholly conclusory" opinions must be struck as part of Daubert's gatekeeping obligations. *See, e.g.*, *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-RGA, 2019 WL 2515779, at *10 (D. Del. June 18, 2019); *Align Tech., Inc. v. 3Shape A/S*, C.A. No. 17-1646-LPS, 2020 WL 4926164, at *10 (D. Del. Aug. 14, 2020). The case Volterra cites does not refute this rule; rather, there the magistrate judge was presented with sufficient support for the disclosed analysis. *Pers. Audio, LLC v. Google LLC*, C.A. No. 17-1751-CFC-CJB, 2021 WL 5038740, at *4 (D. Del. Oct. 25, 2021).

### III. CONCLUSION

Dr. Dickens's wholly conclusory opinion must be struck.

4

| | |
|---|---|
| OF COUNSEL:<br>Bob Steinberg<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067<br>(424) 653-5500<br><br>Matthew J. Moore<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>(202) 637-2200<br><br>Lionel M. Lavenue<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>Two Freedom Square<br>Reston, VA 20190-5675<br>(571) 203-2750<br><br>Surendra K. Ravula<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>(312) 876-6555<br><br>R. Benjamin Cassady<br>Forrest A. Jones<br>Chen Zang<br>Bradford C. Schulz<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC 20001-4413<br>(202) 408-4000<br><br>Dated: January 7, 2022 | */s/ Nathan R. Hoeschen*<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawekeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |

5

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 699 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on January 7, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Robert M. Oakes
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
rmo@fr.com

David M. Barkan
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
barkan@fr.com

Aaron P. Pirouznia
Noel F. Chakkalakal
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
pirouznia@fr.com
chakkalakal@fr.com

/s/ *Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*