IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) )  ) **Redacted - Public Version** |
| Plaintiff, | ) ) C.A. No. 19-2240-CFC-SRF |
| v. | ) ) |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**NO. #1: DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INDIRECT INFRINGEMENT BASED ON** ▬▬▬▬▬▬▬▬▬▬▬

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 7, 2022

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................1

II.  ARGUMENT......................................................................................................1

    A.   ██████████████████████████████████████████ ..........................1

    B.   MPS Cannot Be Liable for Indirect Infringement Based on Authorized Acts of Alleged Direct Infringement. ...............................4

    C.   Volterra's Parol Evidence is Immaterial. ...............................................6

    D.   ████████████████████████████████████ .........................6

III. CONCLUSION...................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Cty. of San Diego v. Ace Prop. & Cas. Ins. Co.*,
    37 Cal. 4th 406 (2005) ..................................................................................... 5

*Evolved Wireless, LLC v. HTC Corp.*,
    840 F. App'x 586 (Fed. Cir. 2021) ................................................................... 6

*Glob. Commc'ns, Inc. v. Directv, Inc.*,
    No. 4:12CV651-RH/CAS, 2015 WL 10906061 (N.D. Fla. Nov. 16, 2015) ........ 4

*JVC Kenwood Corp. v. Nero, Inc.*,
    797 F.3d 1039 (Fed. Cir. 2015) ....................................................................... 4

*Limelight Networks, Inc. v. Akamai Technologies, Inc.*,
    572 U.S. 915 (2014) ........................................................................................ 4

*Molon Motor & Coil Corp. v. Nidec Motor Corp.*,
    946 F.3d 1354 (Fed. Cir. 2020) ....................................................................... 3

*Novartis Corp. v. Ben Venue Lab'ys, Inc.*,
    271 F.3d 1043 (Fed. Cir. 2001) ....................................................................... 3

*Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*,
    745 F.2d 248 (3d Cir. 1984) ............................................................................ 3

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
    849 F.3d 1360 (Fed. Cir. 2017) ....................................................................... 3

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
    563 F.3d 1271 (Fed. Cir. 2009) ................................................................... 3, 6

### STATUTES

35 U.S.C. §271(a) .................................................................................................. 2

## I. INTRODUCTION

MPS's motion (D.I. 276, "Br.") is based on the well-settled legal principle that an indirect infringement claim cannot be maintained without an underlying act of direct infringement. Since Volterra does not dispute that ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ these acts cannot directly infringe. Thus, as a matter of law, there can be no indirect infringement premised on these authorized acts.

Volterra offers no response to this legal argument. D.I. 301 ("Opp."). Nor does it raise any material fact dispute. D.I. 302 ("PSOF"). Instead, Volterra's opposition resorts to obfuscation, attacking irrelevant arguments that MPS never makes. Contrary to Volterra's mischaracterizations, MPS's theory of no indirect infringement is not, and need not, be premised on any license granted to MPS or patent exhaustion defense. Because Volterra is unable to meaningfully respond to any of MPS's arguments, summary judgment should be granted.

## II. ARGUMENT

### A. ▮▮▮▮▮

Volterra does not dispute that ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ Volterra "[a]dmit[s]" that its infringement contentions accuse what the

1

██████████████████████████████████████████████

██████████████████████████████████████████████ *See* PSOF ¶5;

D.I. 277 ("DSOF") ¶5. ██████████████████████████████████████

██████████████████████████████████████ Thus, there can be no

indirect infringement based on these acts. Br. 6-8.

Volterra's argument that ██████████████████████████████

██████████████████████████ is irrelevant to the alleged acts of

direct infringement subject to this motion. Opp. 3-4. ████████████

████████ are identified in Volterra's infringement contentions, and cannot be

newly raised. *Cf.* DSOF ¶5. Even if Volterra were not precluded, such allegations

have no evidentiary support. Volterra cites no evidence that ████████

██████████████████████████████████████████ PSOF ¶¶11-13. At

most, Volterra's evidence hints at potential manufacture and import by other third

parties *(id.* ¶¶12-13), but not ██████████████████, who are the only alleged

direct infringers at issue (Br. 2, 10).[1] Ultimately, even those acts are not material

because Volterra cites no evidence that they occur ***in the United States***, a

requirement for infringement. 35 U.S.C. §271(a).

---

[1] Volterra also fails to show that these other third parties directly infringe. But MPS will address that theory in a separate motion to exclude.

2

Dr. Dickens cannot fill this gap.  His boilerplate statement that ▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌ cites no evidence that ▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *at all*, much less **domestically**. PSOF ¶¶11.  Such conclusory allegations cannot preclude summary judgment.  *See Pennsylvania Dental Ass'n v. Med. Serv. Ass'n of Pennsylvania*, 745 F.2d 248, 262 (3d Cir. 1984) (no "issue of material fact" raised where "expert's opinion" failed to "find some support in the record"); *Novartis Corp. v. Ben Venue Lab'ys, Inc.*, 271 F.3d 1043, 1050-51 (Fed. Cir. 2001).

Volterra relies on the ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Br. 9. ▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

---

▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

3

### B.  MPS Cannot Be Liable for Indirect Infringement Based on Authorized Acts of Alleged Direct Infringement.

Volterra does not dispute MPS's legal basis—MPS cannot be liable for indirect infringement if the underlying alleged directly infringing act was authorized. Br. 6-8. This is well-settled law, which Volterra does not even attempt to distinguish. *Id.*; *e.g.*, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 922 (2014) ("where there has been no direct infringement, there can be no inducement of infringement"); *JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1045–46, 1048 (Fed. Cir. 2015) (summary judgment of no indirect infringement because the alleged direct infringement was authorized); *Glob. Commc'ns, Inc. v. Directv, Inc.*, No. 4:12CV651-RH/CAS, 2015 WL 10906061, at *6 (N.D. Fla. Nov. 16, 2015) ("summary judgment" of no indirect infringement by upstream defendants because the alleged direct infringer was "authorized" ▮).

Unable to refute the settled law, Volterra's opposition focuses on attacking strawman arguments that MPS never makes, mischaracterizing MPS's motion as arguing that: 1) ▮ (Opp. 6-8), 2) patent exhaustion bars Volterra's indirect infringement claims (Opp. 5), and 3) ▮ (Opp. 5-8).

MPS does not rely on these theories, and none of them undermine the undisputed legal conclusion that there can be no indirect infringement without direct

4

infringement. The first two arguments mischaracterize MPS's legal theory, which does not require MPS *itself* to be authorized by Volterra (e.g., through any explicit or implied license), or rely on patent exhaustion.[3] Rather, MPS's theory is one of logical consequence recognized by well-settled law—since the underlying acts ███ ████████████████████████████████████████, they are no longer "infringing" acts that MPS can induce. Br. 6-8.

Contrary to Volterra's third argument, the relief sought in this motion ███ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████████████████████████████████████ *Cty. of San Diego v. Ace Prop. & Cas. Ins. Co.*, 37 Cal. 4th 406, 415, 118 P.3d 607, 612 (2005) (Under California law, "[i]f contractual language is clear and explicit, it governs."). ███████████████████ ███████████████████████████████████████████████████████████████████████

---

[3] *Exelis* is inapposite. *Cf.* Opp. 7-8. There, the Court rejected defendants' arguments ████████████████████████████████████████████████████ ████████████████████████ *not* MPS's legal theory—no indirect infringement if the underlying alleged direct infringement is authorized.

5

████████████ MPS cannot be "found to [indirectly] infringe" for inducing those acts or be liable for any corresponding damages.

### C. Volterra's Parol Evidence is Immaterial.

Volterra seeks to admit parol evidence to create a factual dispute about whether ████████████████████████████████████████ Opp. 8-9. This argument leads nowhere.

MPS disputes that parol evidence is appropriate or would even create a dispute of fact. Regardless, the parol evidence is immaterial—what matters is that both █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████; *see also Evolved Wireless, LLC v. HTC Corp.*, 840 F. App'x 586, 588 n.2 (Fed. Cir. 2021).

### D. ████████████████████████████████████████████.

Volterra argues that summary judgment should not be granted at least as to indirect infringement claims based on "direct infringement" by ███████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████

Volterra agrees that ████████████████████████████████████ ████████████████████████████████████████████████████████████

6

 PSOF ¶¶2, 7 (emphases added); DSOF ¶2.  Thus, this language makes clear that                                                                                                                                                                                                                                          DSOF ¶2.  Volterra fails to address this explicit retroactive language, instead relying on inapposite cases that are silent on retroactivity.  Opp. 9-11.

### III.    CONCLUSION

In light of the above, the Court should grant summary judgment of no indirect infringement premised on the authorized acts of NVIDIA and its customers.

|  |  |
|---|---|
| OF COUNSEL:<br>Bob Steinberg<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA  90067<br>(424) 653-5500<br><br>Matthew J. Moore<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 | /s/ Nathan R. Hoeschen<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawekeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 7, 2022

## **CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 1,503 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on January 7, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Robert M. Oakes
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
rmo@fr.com

David M. Barkan
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
barkan@fr.com

Aaron P. Pirouznia
Noel F. Chakkalakal
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
pirouznia@fr.com
chakkalakal@fr.com

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*