IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOLTERRA SEMICONDUCTOR
LLC,

          Plaintiff,

    v.

MONOLITHIC POWER SYSTEMS,
INC.,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)

**Redacted - Public Version**

C.A. No. 19-2240-CFC-SRF

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (NO. 2) OF NO INDUCED OR WILLFUL
<u>INFRINGEMENT FOR THE '408 AND '955 PATENTS</u>**

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 7, 2022

## TABLE OF CONTENTS

I.    Introduction..................................................................................................1

II.   Argument ......................................................................................................1

      A.    No Evidence Shows MPS Had Actual Pre-Suit Knowledge of
            the '408 and '955 Patents ................................................................1

            1.    Dr. Zhou's Dissertation Cannot Demonstrate MPS's Pre-
                  Suit Knowledge..................................................................1

            2.    Volterra's Remaining Allegations Regarding Dr. Zhou
                  Are Similarly Insufficient .............................................2

            3.    MPS's Knowledge of the '986 Patent Cannot Be Used to
                  Attribute Knowledge of the '408 and '955 Patents ..................3

            4.    The Remainder of Volterra's Interpretations of the
                  Evidence Does Not Support Its Allegations of Pre-Suit
                  Knowledge .......................................................................4

      B.    No Evidence Shows MPS Had Constructive Pre-Suit
            Knowledge of the '408 and '955 Patents ...............................5

      C.    MPS Had No Knowledge It Infringed Any Asserted Patent, and
            Did Not "Waive" This Issue...................................................6

III.  Conclusion ....................................................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
  807 F.3d 1283 (Fed. Cir. 2015) ..............................................................2

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
  198 F. Supp. 3d 1089  (C.D. Cal. 2016) ..........................................1, 2

*Simo Holdings, Inc. v. H.K. UCloudlink Network Tech. Ltd.*,
  396 F. Supp. 3d 323 (S.D.N.Y. 2019) ..................................................3

*SRI Int'l v. Cisco Sys., Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019..............................................................5

*State Industries, Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ............................................................2

*Suprema, Inc. v. Int'l Trade Comm'n*,
  626 F. App'x 273 (Fed. Cir. 2015)........................................................4

## I.      INTRODUCTION

Volterra identified no evidence MPS knew of either '408 or '955 patent prior to the complaint, so MPS's motion should be granted. In opposition, Volterra identifies no new facts showing actual knowledge, but instead debates how its scantly presented evidence should be construed. This is a smokescreen of speculation, not an actual factual dispute. Volterra cannot meet its burden to establish that MPS induced infringement or willfully infringed the '408 or '955 patents without knowledge of these patents.

## II.     ARGUMENT

### A.      No Evidence Shows MPS Had Actual Pre-Suit Knowledge of the '408 and '955 Patents

#### 1.      Dr. Zhou's Dissertation Cannot Demonstrate MPS's Pre-Suit Knowledge

Dr. Zhou's dissertation does not show MPS had actual knowledge because it was too remote in time, not written while Dr. Zhou was an employee, and the patents-at-issue *did not exist* when it was written.

Volterra asserts that the facts are similar to *Kaneka Corp. v. SKC Kolon PI, Inc.*; not so. 198 F. Supp. 3d 1089 (C.D. Cal. 2016). In *Kaneka*, the defendant's employee searched for patents thirteen years prior, for a prior employer; but that "prior employer" was actually a predecessor of the defendant. 198 F. Supp. 3d 1089, 1107. Further, the patent-at-issue *existed* when the search was conducted—here they

1

did not. *Id*, 1107, fn. 1. Similarly, Volterra's citations to *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.* involved an *employee* who analyzed papers from an author that *the defendant company knew* had patented work. 807 F.3d 1283, 1300 (Fed. Cir. 2015). At the time, Dr. Zhou was a PhD student with no affiliations to MPS and had no reason to look for these patents.

Volterra acknowledges the patents were nonexistent, but asserts that "the dissertation does not predate the publication of the parent application." D.I. 303, p. 8. However, "the patent *must exist* and one *must have knowledge* of it." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis added). To find knowledge, Volterra assumes Dr. Zhou knew of the parent application's existence—which his dissertation never cited—and also tracked it for four years after his dissertation presentation to learn about the child patents. This is a bridge too far.

## 2. Volterra's Remaining Allegations Regarding Dr. Zhou Are Similarly Insufficient

Volterra asserts that Dr. Zhou's conversations with third parties at MPS are sufficient to prove that MPS had pre-suit knowledge of the patents-at-issue. However, Volterra cannot identify any conversation in which the '408 or '955 patents were raised (because they were not). Additionally, the ▮ conversations rely entirely on an inadmissible hearsay. D.I. 274, p. 3.

Furthermore, Dr. Zhou's role at MPS is irrelevant. Dr. Zhou helped develop the MP2888A controller in a managerial role, but the MP2888A controller does not contain any coupled inductors nor is it especially made or adapted for use in any alleged infringement of the Asserted Patents. *See* D.I. 281-07, p. 39, 53.

### 3. MPS's Knowledge of the '986 Patent Cannot Be Used to Attribute Knowledge of the '408 and '955 Patents

Volterra claims that the '986 patent can be used to demonstrate MPS's knowledge of the '955 and '408 patents. It cannot. In *Simo Holdings, Inc. v. H.K. UCloudlink Network Tech. Ltd.,* the court found that knowledge of a "more than 'somewhat similar'" patent allowed the jury to reasonably infer pre-suit knowledge of the patent-at-issue; but the "somewhat similar" patent was the *parent. See* 396 F. Supp. 3d 323, 334 (S.D.N.Y. 2019). Conversely, the '986 patent is not just *unrelated* to the '955 and '408 patents, it is prior art.

While MPS's in-house counsel conducted a prior art search for the '986 patent, MPS could not be expected to look for other Volterra patents outside of the '986 patent. D.I. 281-11, at 63:02-15; D.I. 281-13. MPS's invalidity investigation for the '986 patent looked *backward* in time, and would not have uncovered later issued patents. Volterra's assertion that MPS must have known of the '408 and '955 patents because they appear in the citing references section of Google Patents also cannot show knowledge, as it imposes an impossible burden and assumption that every document link must be examined. As stated in its opening brief, MPS does not

3

have a duty "to seek out every reference." *Suprema, Inc. v. Int'l Trade Comm'n*, 626 F. App'x 273 at *13-*14 (Fed. Cir. 2015).

> **4.    The Remainder of Volterra's Interpretations of the Evidence Does Not Support Its Allegations of Pre-Suit Knowledge**

Rather than provide more specific details regarding MPS's alleged knowledge of the patents-at-issue, Volterra provides a bulleted list of speculation. But all fail to provide evidentiary support for Volterra's allegations of knowledge:

- Volterra alleges conversations with the third party coupled inductor manufacturer, ███████ show knowledge. However, ████████████ ████████████████████████████████████ *See* D.I. 307-8, at DAL0000001-004. Volterra provides no further evidence that ███ discussed any specific patent with MPS, including either the '408 or '955 patent.

- Volterra claims ██████ communications with MPS indicate that MPS had knowledge of the '408 and '955 patents. But the December 11, 2018 email Volterra identified from ██████ does not notify MPS of the '408 or '955 patents. *See* D.I. 275, paras. 6-7.

- Volterra claims the list of IP Maxim sent NVIDIA proves that MPS had knowledge of the '408 and '955 patents. But Maxim sent *NVIDIA* (not MPS) this list.  *See* D.I. 274, p. 12.

- Volterra claims that the invalidity opinion of MPS's in-house counsel, Mr. Roland Tso, for the '986 patent is sufficient to demonstrate knowledge of the '955 and '408 patents. But Mr. Tso only looked at the cited references listed on the '986 patent face (which did not include the '955 and '408 patents) and did a Google search on the words "coupled inductors." *See* D.I. 307-13, 54:12-56:21.

- Volterra cites to Mr. Samsi's testimony that Mr. Tso looked at a "bunch of patents" as evidence that MPS must have known of the '408 or '955 patents, but Mr. Samsi clarified that he was unsure

4

whether Mr. Tso reviewed "a bunch of patents" or "a bunch of prior art references." *See* D.I. 307-13, 158:05-23. Mr. Tso testified that he did not know of the '408 and '955 patents until Volterra filed its complaint. D.I. 281-11, 73:14-24; 76:05-15.

**B.     No Evidence Shows MPS Had Constructive Pre-Suit Knowledge of the '408 and '955 Patents**

Volterra makes gross mischaracterizations of MPS's patent policy towards its employees to allege that MPS was willfully blind to the '408 and '955 patents, taking the testimony of former MPS employee, Mr. Rohan Samsi, out of context. Volterra asserts that ███████████████████████████████████████ ████████████████████████████████ D.I. 303, p. 12. However, as Mr. Samsi explains, ██████████████████████████████████████ ████████████████████████████████████████ D.I. 307-07, 60:20-24. MPS encourages its employees to "████████████████████████ ████████████████████████████████████ *Id.*, 60:25-61:09. As Mr. Samsi testified, ███████████████████████████████ ████████████████████████████████████ *Id.*, 144:20-145:03. MPS's did not encourage its employees to be willfully blind, but rather to consult the professionals. *See SRI Int'l v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019).

C.      **MPS Had No Knowledge It Infringed Any Asserted Patent, and Did Not "Waive" This Issue**

MPS indeed disputes that it had knowledge of infringement regarding all *three* of the asserted patents. This motion is directed towards knowledge of the '408 and '955 patents specifically. As this knowledge is a foundational requirement, there can be no inducement. Not moving on knowledge of infringement cannot be considered as a waiver of the infringement scienter issue.

## III.   CONCLUSION

For the above reasons, MPS's Motion should be granted.

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA  90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawekeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

6

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 7, 2022

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 1,318 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on January 7, 2022, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Robert M. Oakes
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
rmo@fr.com

David M. Barkan
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070
barkan@fr.com

Aaron P. Pirouznia
Noel F. Chakkalakal
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
pirouznia@fr.com
chakkalakal@fr.com

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*