IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOLTERRA SEMICONDUCTOR LLC, | ) ) ) | |
| Plaintiff, | ) ) | **Redacted - Public Version** |
| v. | ) ) | C.A. No. 19-2240-CFC-SRF |
| MONOLITHIC POWER SYSTEMS, INC., | ) ) ) | ██████████████ |
| Defendant. | ) ) | |

**DEFENDANT MONOLITHIC POWER SYSTEMS, INC'S RESPONSE TO PLAINTIFF VOLTERRA SEMICONDUCTOR LLC'S CONCISE STATEMENT OF FACTS FOR MONOLITHIC POWER SYSTEM'S MOTION FOR SUMMARY JUDGMENT NO. 2 (NO INDUCED OR WILLFUL INFRINGEMENT FOR THE '408 AND '955 PATENTS)**

OF COUNSEL:
Bob Steinberg
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
(424) 653-5500

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 7, 2022

## EXHIBITS TABLE

| Exhibit | Description | Pages |
|---------|-------------|-------|
| Exhibit 31 | Deposition Transcript of R. Samsi | 154-161 |

## DEFENDANT'S RESPONSES TO VOLTERRA'S ADDITIONAL
## STATEMENT OF DISPUTED FACTS

21.     Admitted as to the date of the dissertation and the citations.  However, Volterra has not identified any evidence demonstrating that Dr. Zhou had knowledge of the pending parent application that produced the '955 and '408 patents. D.I. 281-20, 166:20-24; 168:03-05. Dr. Zhou's dissertation contains no explicit citation to either the '955 or '408 patents. *See* D.I. 281-19, MAXIM_11507-11516. MPS cannot admit or deny whether the figure referenced was copied from the patent application.

22.     Disputed as to the timing and testimony mischaracterization. Dr. Zhou noted in his testimony he would have to "turn back the time by 15 or 16 years" before agreeing to the statement that he "would have expected [his] younger self to investigate the origin of the figures." D.I. 307-06, 126:13-14.

23.     Disputed due to mischaracterization of the timeline. Dr. Zhou discussions with ███████████████████████ took place over a decade after Dr. Zhou wrote his dissertation in 2005. *See* D.I. 281-19, MAXIM_11320. Furthermore, Volterra has not identified any evidence demonstrating that Dr. Zhou had knowledge of or discussed the '955 or '408 patents specifically with any third party.

24.     Admitted.

25.     Admitted, although immaterial to the subject of this motion.

26.      MPS admits that Mr. Rohan Samsi learned of Volterra's coupled inductor patents through customers and articles, and that Mr. Samsi understood Volterra's patents to cover only " ███████████████████████ MPS also admits that Mr. Samsi encountered inquiries from certain parties regarding Volterra's patents during the period in which MPS was pitching coupled inductor solutions. The rest is denied and Mr. Samsi did not recall discussing any of Volterra's patents specifically either with ████████. *See* D.I. 307-07, 115:13-18; 140:20-25.

27.      Admitted, but Delta's full quote is " ████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████." D.I. 307-08 at DAL0000001-004

28.      Admitted, but MPS notes that these discussions were regarding Volterra's patents generally and Volterra has identified no evidence demonstrating that the '955 or '408 patents were specifically discussed.

29.      Disputed. ████████ email on December 11, 2018 referenced only "item 17" (*i.e.*, claim 17) of the '986 patent and not the '986 patent in its entirety. *See* D.I. 307-08 at DAL0000001-004.

30.      Admitted, but Mr. Samsi also stated that ███████████ contact with MPS) did not mention "specifically which [Volterra] patent" he had concerns about. *See* D.I. 307-07, 115:13-18.

31.      Admitted.

32.      Disputed due to mischaracterization. Mr. Samsi's testimony was that



D.I. 307-07, 60:20-24. Mr. Samsi explicitly noted that MPS encourages its employees to "████████████████." *Id.*, 60:25-61:09. And Mr. Samsi testified that MPS's policy to its employees was: "██████████████." *Id.*, 144:20-145:03.

33.      Admitted.

34.      Disputed due to mischaracterization. Mr. Samsi clarified in his deposition that he was unsure whether MPS's in-house counsel, Mr. Roland Tso, reviewed "a bunch of patents" or "a bunch of prior art references." *See* Ex. 31, 158:05-23 ("whether [Mr. Tso] looked at one or more, frankly, I don't know.")

35.      Admitted as of today, but MPS cannot confirm whether the page contained the "cited by" section at the time of Mr. Tso's search. MPS further contends that this is immaterial to the motion at-issue.

36.     Admitted, but Dr. Abou-Alfotouh testified immediately afterwards that Dawson Huang did not refer to any specific patents from Volterra or Maxim and that he did not recall whether Dawson referred to patents in the plural. D.I. 307-15, 93:23-94:02.

37.     Admitted, but both Volterra's witness (Mr. Rizwan Khalid) and NVIDIA's witness (Dr. Ahmed Abou-Alfotouh) could not recall if anything was done after NVIDIA received the information and email regarding Volterra's IP— such as further communicating with MPS. D.I. 281-15, 30:01-05; D.I. 281-17, 194:20-24.

38.     Disputed. Dr. Abou-Alfotouh's email stating that he was "very concerned" was in response to           question regarding claim 17 of the '986 patent specifically. *See* D.I. 307-18. Furthermore, Mr. Samsi's testimony stated that the email was concerned about "the coupled inductor patents or…that we might be infringing" and that he did not recall discussing the patents specifically with Dr. Abou-Alfotouh. D.I. 307-07, 140:11-25.

39.     Disputed as to the accuracy of the statement and admissibility as hearsay. Furthermore, the referenced text conversation does not mention the '408 or '955 patents. D.I. 281-15, 25:9-17; 33:7-38:7; D.I. 281-16.

40.     Admitted.

41.     Admitted.

4

42.     Admitted.

43.     Admitted, but immaterial as to the subject of this motion.

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP

OF COUNSEL:                            I.M. Pei Building
Bob Steinberg                          1105 North Market Street, 12th Floor
LATHAM & WATKINS LLP                   Wilmington, DE 19801
10250 Constellation Blvd., Suite 1100  (302) 298-0700
Los Angeles, CA 90067                  kkeller@shawkeller.com
(424) 653-5500                         arussell@shawekeller.com
                                       nhoeschen@shawkeller.com
Matthew J. Moore                       *Attorneys for Defendant*
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
Reston, VA 20190-5675
(571) 203-2750

Surendra K. Ravula
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-6555

R. Benjamin Cassady
Forrest A. Jones
Chen Zang
Bradford C. Schulz
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: January 7, 2022

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 811 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Nathan R. Hoeschen, hereby certify that on January 7, 2022, this

document was served on the persons listed below in the manner indicated:

### <u>BY EMAIL</u>

| | |
|---|---|
| Robert M. Oakes | David M. Barkan |
| FISH & RICHARDSON P.C. | FISH & RICHARDSON P.C. |
| 222 Delaware Avenue, 17th Floor | 500 Arguello Street, Suite 500 |
| P.O. Box 1114 | Redwood City, CA 94063 |
| Wilmington, DE 19899 | (650) 839-5070 |
| (302) 652-5070 | barkan@fr.com |
| rmo@fr.com | |

Aaron P. Pirouznia
Noel F. Chakkalakal
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070
pirouznia@fr.com
chakkalakal@fr.com

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawekeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*