IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VOLTERRA SEMICONDUCTOR
LLC,

              Plaintiff,

       v.

MONOLITHIC POWER SYSTEMS,
INC.,

              Defendant.

Civil Action No. 19-2240-CFC

## ORDER

Pending before me is Defendant Monolithic's Motion to Exclude the Testimony and Opinions of Plaintiff's Damages Expert, Deforest McDuff, Ph.D. D.I. 272. Monolithic seeks to preclude McDuff "from testifying and opining on damages related to all reasonable royalty calculations based on an unreliable royalty base determination, an unreliable technology apportionment factor and/or an incomparable license." D.I. 272 at 1.

I agree with Monolithic that McDuff's opinion that a "technology apportionment factor" of 61.7% should be applied to the damages calculation in this case is unreliable; and therefore I will bar Volterra under Federal Rule of

Evidence 702 from offering at trial that opinion and any opinions derived therefrom.

To arrive at the 61.7% figure, McDuff compared the so-called VR14 solution—a prototype that has never been sold commercially—to competitor products that do not practice the asserted patents, and then calculated the alleged cost savings attributable to the use of the patented technology.  D.I. 280 at 2, 7, 11.  A necessary predicate for this comparison is that the VR14 solution practices the asserted patents; but, as Monolithic points out, there is no record evidence to support that premise.

McDuff testified at his deposition that his understanding that the VR14 practices the asserted patents was based on discussions with Alberto Viviani, an engineer employed by Maxim.  D.I. 280, Ex. D at 176:11–177:19.  But when asked at his own deposition "what is the VR14?" Viviani testified: "I am not the right person to give you a very technical explanation."  D.I. 280, Ex. E at 21:23–22:14.  And when asked "with regards to the asserted patents . . . could you tell me what the claims cover?" Viviani testified: "I would not be the right person for this."  D.I. 280, Ex. E at 44:19–22.  Thus, Viviani's testimony is not a reliable basis for McDuff to conclude that the VR14 practices the asserted patents; and McDuff's 61.7% apportionment factor is also unreliable.

Monolithic challenges McDuff's opinions in other respects, but those alleged deficiencies can be addressed on cross-examination.

NOW THEREFORE, at Wilmington on this Third day of August in 2022, IT IS HEREBY ORDERED that Defendant Monolithic Power Systems, Inc.'s Motion to Exclude the Testimony and Opinions of Plaintiff's Damages Expert, Deforest McDuff, Ph.D (D.I. 272) is GRANTED IN PART and DENIED IN PART.

COLM F. CONNOLLY
CHIEF JUDGE

3